Decided March 14, 1898.

MCNARY v. WRIGHTMAN.

[52 Pac. 510.]

PAYMENT OF TAXES.— The holder of a lien upon real property which is separately assessed may pay the taxes assessed against such property and obtain a discharge therefrom, notwithstanding the owner may have other property upon which the taxes may not have yet been paid, in view of the right to pay taxes given to lienors by section 2838 of Hill's Ann. Laws.

LIEN—JUDICIAL SALE.—Until the sale has been confirmed or the land redeemed, a purchaser of real property at a judicial sale is a lienor, under section 2838, Hill's Ann. Laws, so as to entitle him to pay the taxes assessed against his purchase.

MANDAMUS—STATUTORY CONSTRUCTION.— The object of section 2838, Hill's Ann. Laws, was to enable one having a lien on real property to prevent its sale for delinquent taxes by paying them; therefore, a mandamus will lie to compel a sheriff to receive taxes on land tendered by a lienor, and issue a receipt therefor.

From Marion: GEO. H. BURNETT, Judge.

Mandamus by H. P. McNary, as receiver of the Williams & England Banking Company, to compel F. T. Wrightman, as sheriff and tax collector, to accept the amount of a tax levied on certain real property which was part only of the holding of Geo. Williams, and on which McNary had a lien. A demurrer to the alternative writ having been sustained, petitioner appeals.

REVERSED.

For appellant there was an oral argument by *Messrs. W. T. Slater* and *Wm. M. Kaiser,* with a brief to this effect.

A tax, as a common law proposition, is a charge against the person and not against his property: *Green v. Craft,* 28 Miss. 70; *Rundell v. Lakely,* 40 N. Y. 517; *Meredith v. United States,* 38 U. S. (13 Pet.) 493; Burroughs on Taxation, § 7.

Taxes are not a lien upon the property taxed unless expressly made so by statute: *Morrow v. Dows,* 28 N. J. Eq. 459; *Heine v. Commissioners,* 86 U. S. (19 Wall.), 655; *Tompkins v. Little Rock Railway Company,* 18 Fed. 344; *Bailey v. Fuqua,* 24 Miss. 497; *Harrington v. Hillard,* 27 Mich. 271; *Miller v. Anderson,* 1 S. Dak. 539 (11 L. R. A. 317, 47 N. W. 957); *Jaffray v. Anderson,* 66 Iowa, 718 (24 N. W. 527); Cooley on Taxation, 305; Black on Tax Titles (2d Ed.), § 182; 25 Am. & Eng. Enc. Law (1st Ed.), 267.

According to the almost universal rule, the tax lien, when created by positive statute, is a charge merely on each parcel of land for the tax assessed thereon, and taxes on personalty are not a lien on

realty: Black on Tax Titles (2d Ed.), § 182; *Terrell* v.
*Groves,* 18 Cal. 149; *Creighton* v. *Manson,* 27 Cal. 613;
*Miller* v. *Anderson,* 1 S. Dak. 539 (11 L. R. A. 317, 47
N. W. 957); *State* v. *Baker,* 49 Tex. 763; *Edmonson* v.
*Galveston,* 53 Tex. 157; *Hayden* v. *Fisher,* 13 Pick. 492.

For respondent there was an oral argument by *Mr.
Geo. G. Bingham,* with a brief making this point.

A consideration of the scheme of taxation mani-
fested by our statutes shows that it was the intention to
give the state a lien upon all a taxpayer's land until his
whole tax is paid: *Dewey* v. *Stratford,* 42 N. H. 282–
286; *Rising* v. *Granger,* 1 Mass. 47; *New York Railroad*
v. *Lyon,* 16 Barb. 651; *Edwards* v. *Beard,* 1 Ill. 70–71.

Mr. Chief Justice Moore delivered the opinion.

This is a mandamus proceeding to compel the
sheriff of Marion County to accept the amount of tax
apportioned to and levied upon certain real property,
and to execute a receipt therefor evidencing a pay-
ment thereof in full.  It is stated in the petition that
in the year 1895 the county assessor of Marion County
assessed to one George Williams, the then owner there-
of, lots 1, 2, 13 and 14, and the west half of lot 12, in
Cartwright's Second Addition to the City of Salem, and
placed a value thereon of $6,500, but this appraise-
ment was increased by the state board of equalization
to $7,020; that the county court, for the purpose of
raising a revenue for state, county and school pur-
poses, levied a tax for that year of twenty-six mills on
each dollar of the assessed value of the real and per-

sonal property of said county, as equalized by said state board; that in March, 1896, the county clerk extended the taxes so levied, and apportioned the sum of $182.52 to the real property hereinbefore described, and thereupon delivered the tax roll to one John Knight, then sheriff, with a warrant thereto attached, commanding him to collect the taxes so apportioned; that on May 20, 1896, at a judicial sale of all the right, title and interest of George Williams in or to said real property, petitioner, as the receiver of the Williams & England Banking Company, an insolvent corporation, became the purchaser thereof, and on the twenty-fourth of the next month tendered to Knight the sum of $182.52, in full payment of the tax, and demanded a receipt in full, evidencing the payment thereof, but that officer refused to comply with the request; that the defendant F. T. Wrightman is the successor in office of Knight, and on August 13, 1896, petitioner tendered to him said sum, and made the same demand, but Wrightman refused to comply therewith. An alternate writ of mandate was thereupon sued out, commanding defendant forthwith to accept said sum in full payment of said taxes due for 1895, and to execute a receipt therefor, or show cause why he had not done so. A demurrer to the writ having been sustained, the court dismissed the proceeding, and the petitioner appeals.

It is admitted that, at the time the assessment in question was made, George Williams was the owner of other property in said county, which was also assessed to him, but the taxes levied thereon had not been paid when the tender relied upon was made;

and the question presented for consideration by this
appeal is whether the petitioner, who obtained a lien
upon real property which was separately assessed, can
pay the taxes levied thereon, and obtain a discharge
therefrom, notwithstanding the owner may have other
property upon which the taxes have not been paid.
Counsel for petitioner contend that at common law a
tax was a burden imposed by the sovereign upon the
subject, measured, in most instances, by the property
the latter possessed; that a lien is a creature of the
statute, and, being in derogation of the ancient law, it
should never be enlarged by construction; that our
statute does not in positive terms make a tax levied
upon real property a lien thereon; but that having
admitted the existence of such a charge, by tendering
the taxes due upon said real property, their client is
entitled to obtain a discharge of the premises from
the tax levied thereon; while counsel for defendant
insist that a consideration of the whole scheme of
assessment and taxation discloses that it was the in-
tention of the legislative assembly that all taxes
charged to a person should become a lien upon his
real property, and that, if it should be held otherwise,
petitioner's claim to relief is not free from doubt, and,
such being the case, mandamus will not lie to compel
the sheriff to accept the tax, and discharge the par-
ticular property from the levy thereof. In the case
at bar it is admitted by the tender that the taxes
levied upon the particular real property were a charge
against it; so that the inquiry is confined to a consid-
eration of the question whether such property is bur-
dened with a general lien in consequence of taxes

levied upon other property of the taxpayer prior to the said purchase by the petitioner.

The statute requires the assessor to assess all taxable property within his county to the persons owning the same on March 1 of each year at the hour of 1 o'clock a. m. (Laws, 1893, 6), and to set down in the assessment roll the names of all taxpayers, a description of each tract of land and the full cash value of each parcel taxed: Hill's Ann. Laws, § 2770. The county clerk is required, within 15 days after the taxes have been apportioned, to make out a tax roll, to which he shall attach a warrant commanding the sheriff to collect the taxes charged in such list, and to make the same by sale of the goods and chattels of the respective persons named therein, if necessary: Laws, 1893, 116. The sheriff shall, on payment to him of any tax, if required, give a receipt therefor and note on the tax roll the payment thereof (Hill's Ann. Laws, § 2800); but, if any person refuse or neglect to pay the tax imposed on him, the sheriff shall levy the same by distress and sale of the goods and chattels of such person (Hill's Ann. Laws, § 2803); and if any of such tax remain unpaid, and he shall be unable to collect the same in the manner indicated, he is required to make a statement of such delinquent taxes and submit the same to the county court (Hill's Ann. Laws, § 2809), after the receipt of which the county clerk is required to make a true and correct list thereof and deliver the same to the sheriff, with a warrant attached thereto, commanding him to levy upon the goods and chattels of such delinquent taxpayer, and, if none be found, then upon the real prop-

erty as set forth in said list, or so much thereof as shall satisfy the amount of taxes so charged, with costs and expenses: Hill's Ann. Laws, § 2814. A warrant for the collection of taxes shall be deemed an execution against property, and have the force and effect thereof against any person upon whom such taxes are levied, and shall be executed in like manner, except as otherwise provided: Hill's Ann. Laws, § 2815. If no personal property of the taxpayer be found upon which to levy the warrant, or if that levied upon be insufficient to satisfy the same, it must be levied upon any real property of the person against whom the tax is charged, or sufficient thereof to satisfy the warrant, including fees and expenses: Hill's Ann. Laws, § 2816. In case of any delinquent tax levied upon real property, the owner having conveyed the same to another, by deed or otherwise, the warrant shall be executed by levying upon any property the person may own for the amount of taxes levied on all his property in the county: Hill's Ann. Laws, § 2817. All taxes levied by any county, remaining delinquent, may, upon the order of the county court, be collected from the land taxed or the person against whom the same was levied: Hill's Ann. Laws, § 2818. Any person having a lien by mortgage or otherwise upon any land upon which the taxes have not been paid, may pay the same, and the receipt therefor shall constitute an additional lien on such land to the amount therein specified: Hill's Ann. Laws, § 2838.

The foregoing provisions constitute a brief epitome of the various sections of the statute which, so far as they are involved in the case at bar, prescribe the

method for the assessment, levy and collection of taxes. From an examination of sections 2814 to 2818, Hill's Ann. Laws, it will be seen that the tax roll, when completed, partakes of the nature of a judgment, and the warrant attached to the delinquent roll has the force and effect of, is executed in like manner as, and deemed to be, an execution issued on such judgment. From an inspection of section 2838, Hill's Ann. Laws, it will be observed that a mortgagee or other person having a lien on real property may pay the taxes assessed against the same, and thereby augment his lien to the extent of the payment so made. This would seem to imply that, as to a mortgagee or other lienor, the tax was not a general, but, at most, a specific, charge upon the particular real estate only upon which it was levied; and, having been separately assessed, the person holding the mortgage or other lien may pay the tax, and thus relieve the property to which he looks for security from all taxes levied upon other property of the owner. The object of this statute undoubtedly was to preserve the property subject to the lien from a sale for delinquent taxes, and to protect the person holding such lien by giving him a means of obtaining reimbursement for the amount paid to prevent a sale of the particular property. If the taxes charged to a person constituted a general lien that operated alike upon all his real property, the mortgagee of any portion thereof would probably be obliged to pay the whole tax so levied, in order to protect from sale the real property subject to his particular lien; and while, perhaps, equity might subrogate him to the rights of the

county *(Jory* v. *Palace Dry Goods Company*, 30 Or. 196. 46 Pac. 786), the amount of the tax might be so great as to preclude the mortgagee from making payment of the whole sum demanded, and thus defeat his lien, The fact that he is permitted to pay a portion only of the mortgagor's taxes shows that the statute was intended for his benefit; but of what advantage could it be to him if, after foreclosing his lien, and becoming the purchaser of the property at a judicial sale thereof, it is still liable for the taxes levied upon other property of the mortgagor?

That the legislative assembly intended to protect the mortgagee or other person having a lien upon real property, there is but little doubt; and, should such person tender to the sheriff the taxes levied against the real property upon which he relies as security for debt or the performance of an obligation, we think his right to obtain a receipt therefor unquestioned; and, should said officer refuse to perform the duty which the law thus enjoins upon him, mandamus would lie to compel him to receive the tax, and issue a receipt as evidence of the payment thereof, the effect of which must necessarily be a discharge of such real property from all claims of the county against it for taxes charged to the owner thereof. The petitioner became the purchaser of said real property at a judicial sale; but, at the time he tendered the taxes due thereon, no title had been obtained, and the sale might be defeated by a failure to confirm it or by redemption; but, until the title was acquired or the sale defeated, the purchase must necessarily operate as a lien for the amount bid and paid therefor (2 Freeman on Execu-

tions, § 323; *People* v. *Mayhew*, 26 Cal. 655; *Baber* v. *McLellan*, 30 Cal. 135; *Hudgin* v. *Hudgin's Executor*, 6 Grat. 320 [52 Am. Dec. 124]; *Grant* v. *Lloyd*, 12 Smedes & M. 191); and, such being the case, the provisions of section 2838, Hill's Ann. Laws, apply, and entitle the petitioner to the relief demanded. It follows that the judgment must be reversed, and the cause remanded, with instructions to overrule the demurrer, and it is so ordered.

REVERSED.

Decided March 21; rehearing denied June 20, 1898.