(No. 12613.—Reversed and remanded.)

THE PEOPLE *ex rel.* James W. McCormick *et al.* Appellants, *vs.* THE WESTERN COLD STORAGE COMPANY *et al.* Appellees.

*Opinion filed April 15, 1919.*

1. NUISANCES—*correlative rights of public and abutting owners in streets.* The public and abutting property owners have the right to use the streets and each must permit their use by the other, and neither has the right to exclude the other.

2. SAME—*warehouse cannot maintain an unloading platform on sidewalk.* A cold storage company cannot maintain an unloading platform which covers a sidewalk and constitutes a permanent obstruction of the use of the walk by the public although it has maintained the platform under a license from the city and although other warehouses in the vicinity have had such platforms on the sidewalk for many years. (*Chicago Cold Storage Co.* v. *People,* 224 Ill. 287, followed; *Tolman & Co.* v. *City of Chicago,* 240 id. 268, distinguished.)

3. SAME—*when public is not estopped to insist upon removal of obstruction to sidewalk.* The public is not estopped to insist upon the removal of an obstruction to a sidewalk, consisting of an unloading platform of an abutting warehouse, because of the fact

that the city has assumed to grant the right to maintain the platform and has collected compensatioń for it by an ordinance expressly providing that the authority granted may be revoked at any time by the mayor or the council.

4. MANDAMUS—*court's discretion in granting or refusing writ is not arbitrary.* The court's discretion in granting or refusing a writ of *mandamus* is not arbitrary but must be exercised according to legal principles, and ordinarily where a clear legal right is shown the petitioner is entitled to the writ, although in some cases where the writ will not promote substantial justice it may be denied.

APPEAL from the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

OGREN & WERMUTH, (W. C. WERMUTH, of counsel,) for appellant.

BURRY, JOHNSTONE & PETERS, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

Certain persons describing themselves as citizens and residents of the city of Chicago filed a petition in the circuit court of Cook county against the Western Cold Storage Company, the city of Chicago and its commissioner of public works and superintendent of streets for a writ of *mandamus* requiring the removal of a permanent elevated platform built by the Western Cold Storage Company over the sidewalk in front of its premises on the south side of East Austin avenue. The petition alleges that the Western Cold Storage Company occupies a building at the southeast corner of North State street and East Austin avenue; that the sidewalk space on the south side of East Austin avenue is 14 feet wide, and beginning at the east line of its building and extending west the Western Cold Storage Company has built and is maintaining upon the sidewalk space a permanent elevated platform 13 feet wide,

106 feet and one inch long and two feet above the level of the sidewalk, made of heavy timbers and braces, which unlawfully obstructs the use of the public sidewalk and requires pedestrians to climb four steps from the sidewalk level at its east end and to go down an incline 15 feet long at the west end; that the statutes of this State forbid obstructions to public highways and a city ordinance forbids loading platforms on public sidewalk spaces; that the platform is being used by the storage company for its own convenience, in defiance of the rights of the public, and it is the duty of the defendants to remove it and restore the use of the sidewalk proper to the public.

Demurrers to the petition were overruled and all the defendants answered. The Western Cold Storage Company in its answer alleges that it conducts a public warehouse and furnishes facilities to the public for storing food products under refrigeration and its business is essential to the health and welfare of the public; that food products of the character housed by it are handled and sold in West South Water street, one block south of the Chicago river, and its place of business is two blocks north of that river, and it is essential that it be located in close proximity to West South Water street; that Austin avenue is largely devoted to general and cold storage warehouses, freight depots, wharves, small factories and machine shops; that other raised sidewalks are being maintained on Austin avenue by other plants under separate licenses, and the defendant acquired its site under encouragement of the city authorities. The answer alleges that the Western News Company is located in the same block as defendant; that the defendant caused a count to be made of the persons passing over its platform, and that the average number of pedestrians passing over the platform between seven A. M. and six P. M., excepting those who go to or from the plant of the Western News Company, was thirty-six an hour; that a greater number went to or came from the Western

News Company, and that the street was practically deserted from six P. M. to seven A. M. The platform was built in 1904 under a license from the city granted by ordinance, which was extended from time to time by the city council, the last extension having been passed on July 17, 1918, after this suit was begun. The license expires April 30, 1923, is subject to revocation at any time at the option of the mayor, and is subject to repeal or modification at any time by the city council. The ordinance requires the platform and the sidewalk surrounding it to be kept in repair, safe for travel and free from snow and ice, to the satisfaction of the commissioner of public works, who also is required to approve the plans for the structure before any work on it shall be done and shall have supervision over the completed structure. It also requires the removal of the structure at the termination of the license either by lapse of time or the revocation of the mayor or city council, and requires a bond in the sum of $10,000, with sureties approved by the mayor, for the observance of the terms of the license. The license fee is fixed by the ordinance at $213.20 a year. The answer further alleges that 18,000 teams a year receive and discharge goods at the defendant's warehouse, and the total tonnage so handled exceeds 15,000 tons a year; that many of the packages so handled are of great weight, requiring mechanical means to handle; that the receiving floor is two feet four inches above the street level, and by means of the platform goods are loaded on trucks and wheeled directly from wagons into the warehouse and from the warehouse to wagons; that the only other method would be the use of skids, trucks and other devices, which would take longer and cause vastly more obstruction and inconvenience to .the public than the use of the raised platform, would be slower and cause delay of teams and congestion of the street, and would make it expensive and difficult to conduct the defendant's business.

Demurrers to the answers were overruled and judgment was entered denying the writ and dismissing the petition. The court having certified that the validity of an ordinance was involved and the public interest so required, an appeal was taken by the petitioners directly to this court.

This case does not differ materially from that of *Chicago Cold Storage Co.* v. *People,* 224 Ill. 287. We said there that it could not be successfully contended that "the purpose of the ordinance was for the benefit of the public generally. It was for the convenience of the storage company and those doing business with it at its warehouse. Nor can it be successfully contended that the platform as erected is not a material obstruction to the sidewalk and does not place the general public to great inconvenience in the use of the same. While the ordinance provides that the sidewalk may be used for public purposes, yet in order to use it those passing over it must go up and down five or six steps at either end. If it is not a nuisance and an obstruction, then the city might authorize private parties to erect and maintain bulkheads on every street in the city, of any height. Public streets and sidewalks cannot be lawfully used for any such purpose. We are of the opinion that the platform in question was a nuisance and such an obstruction to public travel as entitled appellees to have it removed."

Counsel for the appellees say in reference to this case that the bare legal question is discussed of the right of the city to grant a private corporation the right to construct a sidewalk three and a half feet above grade on a public street, and that the reasons for granting permission, the character of the neighborhood, the previous conduct of the parties, the necessity for the elevated sidewalk and the circumstances surrounding the case are not shown. The case of *Tolman & Co.* v. *City of Chicago,* 240 Ill. 268, is referred to as indicating facts which would justify granting a license to an individual to take possession of a sidewalk

by building a permanent structure on it for the benefit of a private business. This was what the *Chicago Cold Storage Co. case* held could not be done, when it was said that public streets and sidewalks cannot be used for any such purpose. It is a mistake to suppose that the *Tolman & Co. case* modified this statement of the law. That case was a bill for an injunction to restrain the city from preventing the complainant from using skids in receiving and shipping merchandise across the sidewalk, and the opinion recognizes the correlative rights in the streets of the public and abutting owners. Neither has the right to exclude the other, any more than the traffic along one street at an intersection has the right to exclude the transverse traffic. Each has the right to the use of the street and each must permit its use by the other. The decree directed to be entered was not one restraining any interference with the use of skids, but was one restraining an interference with the reasonable and necessary use of skids in the delivery of merchandise across the sidewalk. The platform in question is a permanent obstruction of the sidewalk, constituting a purpresture. The distinction between the temporary use of skids and the permanent obstruction by the platform is alluded to in the *Tolman & Co. case,* where, referring to the claim of the appellees, it is said: "It is their position that whatever interferes with the uninterrupted, unimpeded and unobstructed use by the public of any part of the highway is a nuisance. We have seen that this position is unfounded and that there are numerous obstructions of the public use which are lawful. The cases cited by appellees in support of this proposition are all cases of permanent obstructions in the street, constituting purprestures therein. If the action of the superintendent of streets and commissioner of public works had been directed against the permanent platforms projecting in front of the shipping doors these decisions would apply, but they do not apply to the skids."

The appellees argue that the granting or refusing of a writ of *mandamus* is discretionary, and that the court was justified in exercising its discretion to deny the writ. There may be circumstances under which the writ will not operate fairly, will occasion confusion or disorder or will not promote substantial justice, and under which the court may therefore deny the writ though the petitioner has a clear legal right. This discretion, however, is not arbitrary but must be exercised according to legal principles, and ordinarily, where a clear legal right is shown, petitioner is entitled to the writ. The fact that all the other warehouses in the vicinity had maintained loading platforms on the sidewalk for many years is not a reason for refusing the writ. The case of *Chicago Cold Storage Co. v. People, supra,* was decided in 1906. The storage companies and the city were then informed that the sidewalk could not be lawfully used in this manner. The fact that both the city and the storage companies deliberately ignored the law for many years is not a reason why it should not be enforced.

The appellee the Western Cold Storage Company also insists upon an estoppel *in pais* from the fact that the city assumed to grant the right to maintain the platform and collected compensation for it and the company expended money in building the platform. The ordinance expressly provides that the authority granted by it may be revoked at any time by the mayor or council. There can be no estoppel by such a contract.

The judgment is reversed and the cause remanded, with directions to sustain the demurrer to the answer.

*Reversed and remanded, with directions.*