Submitted on brief March 15, reversed April 15, costs retaxed April 26, 1927.

# HORSEFLY IRRIGATION DISTRICT *v.* BURT E. HAWKINS, SHERIFF.

### (254 Pac. 825.)

**Waters and Watercourses—Purpose of Statute Providing for Certificate of Delinquency is to Enable Irrigation District to Enforce Payment of Taxes (Laws 1923, p. 187).**

1. Laws of 1923, page 187, providing for issuance of certificate of delinquency for taxes on property within irrigation or drainage districts, and for foreclosure of the same, are for purpose of empowering the district to enforce payment of its taxes.

**Waters and Watercourses—Certificate of Delinquency Should Issue to Irrigation District for District Taxes if Other Taxes were Paid, Whether Paid by District or Another (Laws 1923, p. 187).**

2. Certificate should issue for district taxes, where other taxes are paid before request for certificate, irrespective of whether those taxes were paid by irrigation district, under Laws of 1923, page 187.

**Waters and Watercourses—Burden is on Sheriff to Justify Refusal to Issue Certificate for Delinquent Taxes to Irrigation District (Laws 1923, p. 187, § 1).**

3. Statutory duty of sheriff under Laws of 1923, page 187, section 1, to issue certificate of delinquency to irrigation district upon demand and payment of other taxes after six months from date of delinquency of taxes, is clear, and burden is upon officer to show why he should not do so.

**Mandamus—Mandamus is Proper to Compel Sheriff to Perform Duty Clearly Enjoined upon Him by His Office.**

4. *Mandamus* is proper remedy to compel sheriff to perform specific duty clearly enjoined upon him by his office or by law, and concerning which he is not vested with discretionary powers.

---

4. See 18 R. C. L. 250.

**Mandamus—Court's Discretion Depends on Facts.**

5. Discretion of court in issuance of writ of *mandamus* is dependent upon all surrounding facts and circumstances and should be guided by law.

**Mandamus—Clear Legal Right must Appear in Petition for Mandamus.**

6. The petition in *mandamus* must show a clear legal right.

**Mandamus—Writ will Ordinarily be Granted to Petitioner Showing Clear Legal Right.**

7. Ordinarily, a petitioner who shows clear legal right is entitled to the writ of *mandamus*.

Mandamus, 38 C. J., p. 547, n. 86, p. 549, n. 93, 94, 97, 98, p. 582, n. 71, p. 590, n. 36, 37.
Waters, 40 Cyc., p. 824, n. 58.

From Klamath: A. L. LEAVITT, Judge.

In Banc.

Plaintiff appeals from an order and judgment of the Circuit Court denying an alternative writ of *mandamus* and dismissing the proceeding.

REVERSED. COSTS RETAXED.

For appellant there was a brief over the name of *Messrs. O'Neil & Irwin.*

No appearance for respondent.

BEAN, J.—Section 1 of Chapter 128 of the General Laws of Oregon for 1923, page 187, entitled "An Act providing for the issuance of certificate of delinquency for taxes on property within irrigation or drainage districts and for the foreclosure of the same," reads as follows:

"Any time after the expiration of six months from the date of delinquency of any taxes levied upon real

5. See 18 R. C. L. 137.
7. See 18 R. C. L. 138.

property within an irrigation or drainage district, when any property within such district remains on the tax roll for which no certificate of delinquency has been issued, the sheriff of such county within which such property may be situated shall have the right and it shall be his duty, without any action of the county court of said county, upon demand of such irrigation or drainage district and upon the payment of all taxes levied against such land except the irrigation or drainage district tax included therein, with penalty and interest thereon, to make out and issue to such irrigation or drainage district a certificate of delinquency against such property for the full amount of taxes levied against said property, including the tax levied by such irrigation or drainage district, with penalties and interest accrued at said time or upon demand of any individual and upon payment of all taxes levied against such lands, including the tax levied by such irrigation or drainage district, the sheriff of such county shall have the right and it shall be his duty, without any action of the county court of said county, to issue to such individual a certificate of delinquency against such property for the full amount of taxes, including the tax levied by such irrigation or drainage district, with penalties and interest accrued at said time, the certificate, whether issued to such irrigation or drainage district or to an individual, to be in such form and to have the same legal effect as is provided by the General Laws of the state of Oregon covering such matters."

Section 2 of the act provides for the foreclosure by the holder of such certificate at any time after one year from the first date of delinquency of any tax included in such certificate of delinquency.

Claiming, under this statute, plaintiff filed in the Circuit Court a petition duly verified showing, among other things:

"That the Horsefly Irrigation District, plaintiff and petitioner, is a *quasi* municipal corporation or-

ganized and existing under and by virtue of the laws of the state of Oregon for the purpose of the delivery of and furnishing water to the lands within its territory and confines for agricultural purposes, in the vicinity of Bonanza, in Klamath County, Oregon.

"That the defendant, Burt E. Hawkins, is the duly elected, qualified, and acting sheriff of Klamath County, State of Oregon.

"That at and during all of the times and dates to which this petition relates, the following described lands were embraced within the boundary, and were within the territory of your said petitioner, the Horsefly Irrigation District, described as follows:

"The south half of the northeast quarter and the north half of the southeast quarter of Section eighteen, Township thirty-nine, South, Range Twelve East of the Willamette Meridian in the County of Klamath, state of Oregon, and were lands held and owned by one Lola Driscoll.

"That for each of the years in this paragraph contained, said Horsefly Irrigation District, your petitioner, at its several and annual tax levying and assessing periods, provided by law to be done, levied an assessment against said lands for irrigation, and district purposes, to the several amounts and which were extended upon the tax rolls of Klamath County, Oregon, and in turn said tax rolls were placed with the sheriff of Klamath County, Oregon, for the purpose of collection, in the following amounts and years, namely:

"1. For the year 1920, in the sum of $488.00.

"2. For the year 1921, in the sum of $399.25.

"3. For the year 1922, in the sum of $448.93.

"4. For the year 1923, in the sum of $486.98.

"5. For the year 1924, in the sum of $637.67.

"That the county, state and other taxes, other than the irrigation taxes herein related, levied for the several years herein, have been and are paid and discharged.

"That the taxes, herein, levied and assessed against said lands for the several years herein related

121 Or.—24

have not been paid and now are due, owing and unpaid and are a lien against said lands, and now are delinquent.

"That on or about the 24th day of April, 1926, pursuant to a resolution made and entered upon the minutes of said board meeting of your petitioner, by its board of directors, this petitioner, through its president and secretary, M. J. Lytle and Wm. F. B. Chase, respectively, made written demand upon the defendant, Burt E. Hawkins, requesting him, as sheriff of Klamath County, Oregon, to issue and deliver to your petitioner a certificate of delinquency for the taxes levied and assessed against said lands, which then were due, owing, unpaid and delinquent for the years herein related, which demand was denied and refused."

That six months have expired since the date of delinquency of the taxes for each of the years named; that no certificate of delinquency has been issued against the property upon which said taxes were assessed and levied; that under the statute it is the duty of the defendant sheriff to issue to plaintiff such certificate of delinquency; that no certificate of delinquency is outstanding against said land covering the nonpayment of said taxes.

Petitioner prays that the sheriff be required to make out and issue to the Horsefly Irrigation District a certificate of delinquency against the land described for the taxes above mentioned with penalties and interest accrued, or to show cause why he has not done so.

The respondent has filed no brief in this case. It is stated in plaintiff's brief that the trial court said:

"You must show that the petitioner has paid all of the state and county and other taxes, itself, before you áre entitled to the issuance of the writ, for the several years related in your petition."

1. The provisions of this statute are for the purpose of empowering an irrigation district to enforce payment of its taxes levied upon property within the district. At the proper time it is the duty of the sheriff of the county when such property remain upon the tax-roll, for which no certificate of delinquency has been issued, upon demand of an irrigation or drainage district, upon the payment of all taxes, levied against such land, except the district taxes, with penalty and interest thereon, to make out and issue to such district, a certificate of delinquency against such property for the full amount of such delinquent taxes, with penalties and interest accrued at the time, or such certificate may be issued to an individual upon the payment of all taxes levied upon such lands, including the district taxes with penalties and interest accrued.

2. The only advantage over an individual that such a district has in obtaining such a certificate of delinquency is that the district is not required to pay the taxes due to itself. If the taxes, other than the district taxes, are paid prior to the request for a certificate, then the certificate should be issued for the remaining delinquent taxes. There are no other taxes to be paid.

The law contemplates that all the taxes against lands, in such a district, should be paid together. An owner of lands in a district of either kind mentioned does not have the right to pay the other taxes upon his property and leave the district taxes unpaid and then defeat their collection in the regular manner. If such a certificate is issued for only delinquent taxes the taxpayer has no reason to complain.

3. The requirements of the statute quoted are plain and unambiguous. The mandatory duty is imposed

upon the sheriff of the county to issue a certificate of delinquency against the property described in the petition of plaintiff for the taxes named according to the allegation of the petition. If there is any reason why that officer should not do so he should be required to show it.

4–7. *Mandamus* is a proper remedy against a sheriff to compel him to perform a specific duty clearly enjoined upon him by virtue of his office, or by operation of law, and concerning the performance of which he is not vested with any discretionary powers: 18 R. C. L., § 172, p. 250. It may be argued that the issuance of a writ of *mandamus* is a discretionary matter. In the exercise of such discretion the court should act in view of all the existing facts, and with due regard to the consequences which will result to the end that justice may be promoted. In every case the discretion is dependent upon all the surrounding facts and circumstances, and should be guided by law. The petitioner must show a clear legal right. Ordinarily when such right is shown the petitioner is entitled to the writ: Ferris' Extraordinary Legal Remedies; 2 Bailey on Habeas Corpus & Mandamus, p. 808, § 201; *People ex rel. McCormack* v. *Western Cold Storage Co.,* 287 Ill. 612 (123 N. E. 43, 11 A. L. R. 437, 442); *McNary* v. *Wrightman,* 32 Or. 573 (52 Pac. 510); *State* v. *Malheur Co.,* 46 Or. 519 (81 Pac. 368).

The judgment of the Circuit Court will be reversed and the cause remanded for further proceedings consistent herewith.        Reversed.   Costs Retaxed.