(No. 22799.—

THE PEOPLE *ex rel.* John H. Lyle *et al.* Petitioners, *vs.* THE CITY OF CHICAGO *et al.* Defendants.

*Opinion filed February 21, 1935—Rehearing denied April 5, 1935.*

JAMES W. BREEN, for petitioners.

WILLIAM H. SEXTON, Corporation Counsel, (JOSEPH F. GROSSMAN, of counsel,) for defendants.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

This is an original *mandamus* proceeding instituted in this court by the People, on the relation of John H. Lyle and a number of other relators, to compel the appropriation and payment by the proper authorities of the city of Chicago of certain portions of the salaries of the chief justice and associate justices of the municipal court of Chicago for the years 1932, 1933 and 1934 and thereafter. Defendants answered the petition, and a motion of petitioners to strike the answer has been taken with the case.

The municipal court of Chicago consists of a chief justice and thirty-six associate judges. The salary of the chief justice is fixed at $15,000 per annum and that of each associate judge at $10,000 per annum by section 8 of the Municipal Court act. (Smith's Stat. 1933, chap. 37, par. 363.) They are each elected for a term of six years. The city council of the city of Chicago refused to appropriate, and omitted from the annual appropriation ordinance in each of the years 1932, 1933 and 1934, amounts equal to such salaries for forty-eight days in 1932, seventy-eight days in 1933 and fifty-four days in 1934.

The petition sets out the foregoing facts and alleges that relators are municipal officers within the meaning of section 11 of article 1 of the constitution of this State; that the failure of the city council to appropriate the full amount of such salaries was a palpable omission to perform a duty imposed upon it by law; that the city of Chicago has sufficient funds available from miscellaneous receipts, the sale of tax warrants and the collection of general taxes with which to pay relators all of such unappropriated salary; that nevertheless the members of the city council have repeatedly refused to make such appropriation, and will persist in such refusal unless commanded to act by the peremptory writ of this court. The prayer of the petition is for a writ commanding the mayor and members of the city council to appropriate the sum necessary for the payment of the full amount of relators' salaries for the years enumerated, and that they and their successors in office provide, by appropriation, for the payment of such salaries each year thereafter, and commanding the mayor, city treasurer and city comptroller, upon such appropriation being made, to take the necessary steps for the payment of and to pay relators their lawful salaries.

The answer admits all the material facts alleged by the petition. It sets out that during the years in controversy the city of Chicago was in serious financial straits; that a large part of the taxes from 1929 to 1932, inclusive, were not and could not be collected; that on account of the reassessment of property in Cook county the levies and extensions of taxes were over-due from two to three years; that in order to meet the most essential needs of the city government within the statutory limits prescribed by section 2a of article 7 of the Cities and Villages act, relating to the annual appropriation bill, it became necessary to reduce all salaries of city officers, including those of relators, and that such financial emergency still exists; that relators

have a remedy at law, and under the circumstances are not entitled to the writ.

Petitioners moved to set the cause for hearing on petition and answer, and the motion will be treated as a demurrer to the answer.

Section 11 of article 9 of the constitution provides: "The fees, salary or compensation of no municipal officer who is elected or appointed for a definite term of office, shall be increased or diminished during such term." Section 8 of the Municipal Court act provides that "the salary of no judge shall be increased or diminished during the term for which he shall have been elected." Section 2a of article 7 of the Cities and Villages act (Smith's Stat. 1933, chap. 24, par. 102,) provides that the aggregate amount finally appropriated by the appropriation ordinance shall not exceed the aggregate amount available for each specified purpose, as shown by the estimates of the available assets thereof at the beginning of the fiscal year and of taxes and other current revenues set forth in the ordinance. If the appropriations from any fund as set forth in such ordinance as finally adopted exceed in the aggregate the maximum amount which such corporate authorities are authorized to appropriate therefrom, all appropriations made from such fund by such ordinance are void.

Defendants claim that the above provisions are just as mandatory as any other statutory provision imposing an obligation upon corporate authorities; that it was, and is, impossible to comply with such provisions and at the same time appropriate the full amount of salaries for all officers and employees, including those of relators, without curtailing the essential functions of the municipal government; that the circumstances justify salary cuts until the city can emerge from its financial stress; that if relators' salaries cannot be legally reduced during their terms of office they will lose nothing by waiting until the city's financial condition warrants the full appropriation; that petitioners have

not shown a clear right to the writ, because the city has exhausted its power to levy and collect taxes and has not the necessary revenue available for obedience to the writ; that the writ of *mandamus* is not a writ of right, and may be refused, in the exercise of judicial discretion, to prevent cutting other appropriations and crippling activities for the prevention of crime, fire, and the spread of disease.

Legitimate methods of relieving the situation are commendable, and where the law, either by express provision or by necessary implication, provides for an emergency departure from its terms, it is permissible to accommodate the law to such emergencies, but in order to justify such a departure the justification must be found within the law. It does not arise from the emergency, but, as existing under the law, is applied when the emergency happens. (*Home Building and Loan Ass'n* v. *Blaisdell,* 290 U. S. 398, 78 L. ed. 413.) Neither the legislature nor any executive or judicial officer may disregard the provisions of the constitution even in case of a great emergency. In providing that the salary of no judge of the municipal court shall be changed during the term for which he is elected the legislature followed the constitutional provision. Neither instrument contains anything that expressly or impliedly limits the prohibition but their terms are plain and unequivocal. They therefore present no question of construction as to departures in emergencies. *Home Building and Loan Ass'n* v. *Blaisdell, supra.*

Relators are corporate authorities, and hence are municipal officers within the meaning of the constitution. (*People* v. *City of Chicago,* 310 Ill. 534.) Under its terms the city council was without authority to change relators' salaries during the respective terms for which they were elected. *People* v. *Sweitzer,* 280 Ill. 436; *Foreman* v. *People,* 209 id. 567.

The same section of the Municipal Court act that fixes the salaries of the chief justice and the associate judges

provides that such salaries shall be paid in monthly installments out of the city treasury. Municipal authorities are charged by law with making all appropriations for the expenses of the municipality, and it was manifestly their duty to make the necessary appropriations for the full amount of the salaries of relators. If appropriating such amounts will curtail other funds and hamper some needed activity of the city, that situation is, of course, unfortunate but does not justify the violation of the law. It is not enough to say that the city has exhausted its power to levy and collect taxes and that such action had failed to produce the necessary revenue for obedience to the writ prayed for. It is not denied that the proceeds from miscellaneous receipts and the sale of tax warrants are still available and sufficient.

*Mandamus* is not a writ of right, and it is to be awarded or refused in the exercise of judicial discretion. Courts may, in the exercise of such discretion, in view of the consequences attendant upon its issue, refuse the writ although the petitioner has a clear legal right for which *mandamus* is an appropriate remedy. (*People* v. *Board of Supervisors,* 185 Ill. 288; *People* v. *Olsen,* 215 id. 620.) In *People* v. *Western Storage Co.* 287 Ill. 612, we said: "There may be circumstances under which the writ will not operate fairly, will occasion confusion or disorder or will not promote substantial justice, and under which the court may therefore deny the writ though the petitioner has a clear legal right. This discretion, however, is not arbitrary but must be exercised according to legal principles, and ordinarily, where a clear legal right is shown, petitioner is entitled to the writ." The petition shows a clear right to the writ, (*People* v. *City of Chicago,* 351 Ill. 396,) and the answer furnishes no justification.

The motion to strike the answer is therefore allowed and the writ of *mandamus* is awarded as prayed.

*Writ awarded.*