People of the State of Illinois ex rel. Bradford National Bank of Greenville, Appellant, v. School Directors of District No. 62, County of Franklin, State of Illinois, Appellee.

Opinion filed March 1, 1941.

MEYER & MEYER, of Greenville, and FRANK E. TRO-BAUGH, of West Frankfort, for appellant; S. E. BRONDOS, of West Frankfort, of counsel.

ROY C. MARTIN, of Benton, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from an order of the circuit court of Franklin county, Illinois, denying the petition for mandamus filed on behalf of the Bradford National Bank of Greenville.

Petitioner filed its petition for writ of mandamus based on a judgment obtained on December 14, 1936, in the sum of $1,207.37, in the circuit court of Franklin county, against the respondent, School Directors of District No. 62, Franklin county, Illinois.

The defendant, a municipal corporation, in answer to the petition, set up as its only defense that there were, at the time the petition was filed, outstanding "mandamus judgments" in the circuit court of Franklin county, Illinois, on judgments against the respondent, payable over a period of years, in the aggregate sum of $22,500, and setting forth that respondent had not paid the judgment obtained by the petitioner (which was made the basis of this proceeding in the circuit court) for the reason that 50 per cent of its revenue was being used for operating expenses of the school district, and the other 50 per cent was being prorated among those creditors who had already taken action by mandamus, and in which proceedings, orders directing payment had been entered.

A motion for judgment in favor of petitioner on the pleadings, on the ground that the answer set up no valid defense to the petition, was overruled by the court. A reply was then filed denying the allegations of the answer.

At the trial of the cause it was stipulated that the school district was being operated on 50 per cent of its annual income, and that the remaining 50 per cent of the annual income was being used by the school district in paying on judgments which had previously been rendered against the school district, and upon which "mandamus judgments" had previously been entered by consent of the same circuit court. The circuit court, in such proceedings, to prevent interference with the operation of the school district, had directed payment of such judgments over a period of years. Following a hearing in the instant case, the court below denied the petition for mandamus and dis-

missed the petition at petitioner's cost. Petitioner appeals to this court, contending that the trial court erred in not granting the prayer of the petition, and in not entering judgment in such mandamus proceeding in favor of petitioner.

It is not denied by respondent that mandamus is the proper remedy to enforce the payment of a judgment entered against a school district, but respondent contends that the court below properly exercised its discretion in denying the writ of mandamus in view of the facts in the instant case. It is pointed out by respondent that while petitioner's judgment was obtained in December of 1936, the petition for writ of mandamus was not filed until November, 1939. Respondent also directs the attention of the court to the fact that respondent will be required to apply all of its anticipated revenue from taxes, and from all other sources, obtained during each year from the present year to and including the year, 1947, on what it terms its existing "mandamus indebtedness," and that the granting of the prayer of the petition in this action would conflict with many other mandamus orders heretofore entered by the circuit court of Franklin county against the respondent. The contention is, in brief, that the entry of previous mandamus orders directing payment in instalments over a period of years (to other judgment creditors who had taken action, while the petitioner in the instant case had not), now precludes the granting of a writ of mandamus to petitioner in this cause, and deprives petitioner of the opportunity to participate in the distribution of the revenues of the school district until the year, 1948, when it is anticipated the instalment payments on the mandamus orders referred to will have been completed.

While mandamus was a common-law writ, courts have exercised equitable principles in determining whether or not the writ should issue and the manner of its application. It has long been recognized that

courts have some measure of discretion in awarding mandamus in requiring levies of taxes, and that the writ should not be so employed as to impose an unnecessarily oppressive burden at one time. Illustrative of the application of equitable principles to the problem has been the fact that the direction of payments in successive levies over a number of years has been sanctioned (*City of Cleveland v. United States,* 166 Fed. 677).

The courts of this State have previously stated that the discretion of the court in granting or refusing a writ of mandamus is exercised with a view to all existing facts and with due regard to the consequences which may result (*Kenneally v. Chicago,* 220 Ill. 485; *People v. Board of Review of Cook County,* 351 Ill. 301).

The discretion of the court in such case may not, however, be exercised arbitrarily in refusing the writ where a plaintiff shows a clear legal right to its issuance (*People v. Western Cold Storage Co.,* 287 Ill. 612; *Illinois Cent. R. Co. v. People,* 143 Ill. 434; *People ex rel. Blome v. Nudelman,* 373 Ill. 220).

Courts inquire in such cases whether the writ will operate impartially, create confusion and disorder, and whether it will or will not promote substantial justice (*People v. Olsen,* 215 Ill. 620; *Kenneally v. Chicago, supra*).

Where there is no right of priority in favor of one creditor over the other (as is apparently true in the instant case), the line of distinction adopted by the courts in determining whether a diligent creditor who endeavors to collect his claim before others, should be entitled to a full recovery before the remaining creditors may participate, is based on whether or not the fund out of which payment is to be made will be sufficient to pay in full all creditors among whom there is no priority. The basic distinction seems to be that where the fund out of which the obligations of the

public body are to be paid, is collected under an inexhaustible power of taxation, payment in full of one creditor, though it may exhaust the fund, does not effect a preferance in favor of such creditor to the prejudice of unpaid creditors (*Snower v. Hope Drainage Dist.*, 2 F. Supp. 931; *cf. Rothschild v. Village of Calumet Park,* 350 Ill. 330; *State ex rel. Gillespie v. Carlton,* 103 Fla. 810, 138 So. 612) since, under the inexhaustible power of taxation the fund can be replenished until there is sufficient to pay all creditors in full. The courts have apparently taken the view that there would be no reason for denying a full recovery to the diligent creditor before the other creditors were paid, for the reason that the maxim ''equality is equity'' is to be considered in connection with the maxim ''equity aids the vigilant.'' Such distinction appears to be sound and if the only issue in the instant case were whether or not a direction in a certain mandamus order to pay 50 per cent of the revenues of the school district for the year in which the application was made was under attack, we would conclude that the petition of the creditor to participate in the distribution of such fund (if such creditor had failed to take action as promptly as the originally petitioning creditor) would justify the court, in its discretion, in denying the petition for mandamus filed by the judgment creditor who had delayed until after the previous order had been entered.

The extension of the operation of the mandamus orders under equitable principles, as set forth in the case of *City of Cleveland v. United States, supra,* so that the direction to the school district operates as to levies to be made in future years, has created a somewhat different problem which (in the circumstances present in the instant case) has apparently not been considered before in the courts. It should be recognized that a direction to pay over a period of many years, which will effectively tie up all of the future

funds of the school district, may, under some circumstances, amount to a virtual denial of all rights to a judgment creditor who has failed to take prompt action. Such result would not be in accord with the equitable principles which are and should be exercised by the court in directing payment of mandamus orders over a period of years.

The rights of the judgment creditors which have been referred to in the instant case, arose by virtue of the entry of judgments. The obligations of the school district were then fixed. The institution of a mandamus action was simply the means provided for the enforcement of such rights and obligations. Such mandamus order, where it operates ''in futuro'' as in the instant case, through the direction of instalment payments, should always be subject to modification. The orders created no perpetual or vested rights. Courts of equity have always retained power to modify the terms of injunctions and other orders which at the time of entry were intended to be permanent or perpetual, when circumstances and the situation of the parties make it just and equitable to do so (*Vulcan Detinning Co. v. St. Clair*, 315 Ill. 40; *Ladner v. Siegel*, 298 Pa. 487, 148 Atl. 699, 68 A. L. R. 1172), and this is so even though the decree is final as it relates to appeal. In the instant case the nature of the mandamus orders contemplates the levy and collection of taxes in future years. All that petitioner in the instant action requests is that it be entitled to participate on a prorata basis with other judgment creditors in the 50 per cent of the revenues of the school district authorized to be distributed by the circuit court. It is only a logical application of the court's equitable powers to require that, if a seasonable application for a writ is made which is to apply to taxes to be levied and collected in the future and where no priority exists between judgment creditors, that such judgment creditor so applying should be permitted to participate

equitably and on a prorata basis with other judgment creditors who have previously taken action by mandamus and as to whom orders for payment in instalments have been rendered.

It is contended by petitioner that it be accorded a more substantial amount during the succeeding years so that it may quickly reach an equality of distribution with other so-called "mandamus creditors." We are of the opinion that such an acceleration of payments should not be sanctioned for the reason that the petitioner failed to take action during previous years. That was a matter which was within the control of the petitioner and the court should not now permit petitioner to obtain a temporary advantage even though the result would be to equalize proportionately the payments obtained by various judgment creditors. If we were to authorize such payments, then a judgment creditor could, by inaction during years of poor revenues, require that the substantial portion of the revenues of a municipal corporation during a year of good revenues be almost entirely allocated to such petitioner. We believe that it would be an adequate exercise of the court's discretion to require the respondent school district in the instant case, to pay a prorata portion of the revenues to petitioner for the years following the application of petitioner.

What we say herein, however, is subject to a very important proviso. The so-called mandamus creditors who have a legal interest which will be collaterally determined by a judgment which would be rendered pursuant to the prayer of the petition, should be made parties defendant. As the Supreme Court of this State has said in the case of *Powell v. People ex rel. Hedrick,* 214 Ill. 475, jurisdiction in a mandamus suit should be acquired over all parties who have a right to be heard before judgment is pronounced in this case. It is the duty of this court, on its own motion, to decline to proceed to a determination of the cause in absence

of such parties who are directly and materially interested in the litigation. Jurisdiction should, therefore, be acquired on reversal and remandment of this cause, of all such parties, and the petition should be appropriately amended to specify the interests of such defendants.

This cause will, therefore, be reversed and remanded with directions to the lower court (in the event petitioner properly makes defendants the mandamus creditors shown by the record to have an interest in the order which would be entered in this cause) to proceed in accordance with the views which are expressed in this opinion and, if the facts disclosed in such proceeding are of the character heretofore shown and outlined in this opinion, to work out a basis of distribution of the revenues of the respondent school district which will, as to future levies of taxes, give to petitioner in this cause equality of treatment with other judgment creditors to whom payments have previously been directed to be made.

This cause will, therefore, be reversed and remanded to the circuit court of Franklin county, with directions to proceed in accordance with the views as herein expressed.

*Reversed and remanded with directions.*