Argued June 5, affirmed June 24, 1919.

## HAGER *v.* CLATSOP COUNTY.

### (181 Pac. 743.)

**Taxation—Delinquent Taxes—Purchase and Sale by County—Title of Purchaser—Taxes Satisfied.**

1. Under the statutory scheme for collection of delinquent taxes as embodied in Sections 3713, 3717, 3718, L. O. L., as amended by Laws of 1913, Chapter 184, purchaser at sale by county of land it had bought for taxes of one year, takes it discharged of all subsequent taxes, certificates of delinquency for which had been issued to the county, and subject only to taxes of the current year; that is, the year in which the sale is made.

[As to tax sales, see note in **Ann. Cas.** 1916D, 48.]

From Clatsop: JAMES A. EAKIN, Judge.

Department 1.

In effect, this is a suit to quiet the plaintiff's title in certain lands in Clatsop County. Without quoting the pleadings *in extenso,* it is sufficient to say that the state, county and general municipal taxes were duly assessed against these lands for the year 1909. No part of the taxes having been paid, certificates of delinquency were issued to Clatsop County on December 3, 1914. On June 5, 1915, the county instituted pro-

ceedings in the Circuit Court to foreclose the certificates, which resulted in a final decree of date September 7, 1915, directing a sale of the lands for the satisfaction of the delinquency evidenced by the certificates. On October 26, 1915, at a sale under execution issued on the decree the land was sold to Clatsop County. On July 18, 1916, in pursuance of the statute the County Court directed the sheriff to publish notice that he would sell the lands thus acquired by the county, on October 19, 1916; to the highest bidder for cash at the time and place named in the notice. As a result, the lands were sold to B. L. Ward, the original plaintiff herein, and a deed was executed by the sheriff as of the date of sale and delivered to Ward. Taxes had been levied against the land for each of the years subsequent to 1909 up to and inclusive of the year 1915.

As no one else applied for a certificate of delinquency, such certificates were issued to the County Court for the year 1910, and on January 16, 1916, the county instituted a suit to foreclose them and obtained a decree of foreclosure on July 8, 1916. An execution issued upon the decree last named and at this point in the history of the transactions the plaintiff began this suit to restrain the sale under the last decree and to quiet his title to the property.

The contention of the plaintiff is that the sale of the land to him by the county, followed by its conveyance, automatically satisfied and discharged all of the taxes against the premises, except those current at the date of sale. On the other hand, the contention of the county is that the only tax affected was that of 1909. The court rendered a decree in favor of the plaintiff according to his prayer, and the defendant county and its sheriff have appealed.    AFFIRMED.

For appellants there was a brief over the names of Mr. Edw. C. Judd, District Attorney, and Messrs. G. C. & A. C. Fulton, with an oral argument by Mr. G. C. Fulton.

For respondent there was a brief and an oral argument by Mr. J. Q. A. Bowlby.

BURNETT, J.—1. According to the statutory scheme for the collection of delinquent taxes, as embodied in Chapter 8, Title 28, L. O. L., and the amendment thereto as set forth in Chapter 184, Laws of 1913, at the expiration of a certain time after taxes become delinquent, on the application of any individual it shall be the duty of the sheriff to issue certificates of delinquency against the property containing certain details respecting the amount of tax and interest due and the name of the owner to whom the same is assessed, and other particulars, and this certificate constitutes a lien upon the realty mentioned therein. At any time after the expiration of three years from the first date of delinquency of any tax included in such certificate, the holder may institute proceedings for the foreclosure of the same. It is the duty of a private person holding a certificate of the sort to pay all the taxes which have been assessed against the property both before and after its issuance, failing in which, he will forfeit his certificate to any subsequent certificate holder, so that at the suit of a private person the decree of foreclosure will include all taxes of whatsoever kind which he has paid. If no one applies for certificates of delinquency, the sheriff is required to issue such certificates from time to time to the county, but unlike the duty to pay all taxes, which is enjoined upon a private person, there is no obligation on the part of the county

to pay any delinquent taxes. The county also may bring suit to foreclose the delinquency certificates issued to it by the sheriff and, in the absence of other bidders at a sale on execution issued upon such decree of foreclosure, the county automatically becomes the bidder for the whole of the tract for the face of the decree, and the property is struck off to it.

Section 3713, L. O. L., reads thus:

"No claims shall ever be allowed against the county in favor of any municipality, school district, road district or other taxing district for taxes levied on property acquired by the county by tax deed under the provisions of this act, but all taxes shall at the time of deeding said property be thereby canceled; *provided,* that the proceeds of any sale of any property acquired by the county by tax deed shall be justly apportioned to the various funds existing at the date of the sale in the territory in which such property is located, according to the tax levies of the year last in process of collection."

Under Section 3717 it is required that in pursuance of an order of the County Court there shall be held annually a sale of lands—

"Theretofore bid in for taxes by such county or any public corporation therein, and to which such county or any such public corporation shall have acquired title, as provided by the laws heretofore in force or as provided in this act."

These words appear in the act of 1907. They are also employed in the amendatory act of 1913. Manifestly the procedure there outlined applies not only to lands which the county bought in at sales held before the act of 1907, but as well to lands acquired since then. Having in mind, then, that we are dealing with lands to which the county acquired title by purchase at its own foreclosure sale, we look to the statute for

the effect of a sale by the county of its own lands thus acquired. It is said in Section 3717, L. O. L., as amended by Chapter 184, Laws of 1913: '

"No parcel of land shall be sold more than once, and the sale of any parcel shall be construed to pass all of the right, title and interest of the county or other municipality to which the same has been sold by virtue of the taxes for which the same was sold, and any subsequent taxes advanced by such county or municipal corporation, and also all delinquent taxes, excepting the taxes for 'the current year, and the lien of subsequent tax certificates to individuals."

Remembering the conditions disclosed by the record before us, we note that the county had bought in the land for the taxes of 1909. There had been issued to it from time to time annually certificates of delinquency for the taxes of succeeding years. Applying to this situation the provisions of the section last above quoted, the sale to the plaintiff passed all the right, title and interest of the county which it had by virtue of the taxes for 1909. More than that, it also passed the interest of the county by virtue of all the subsequent taxes, which interest was represented by the subsequent certificates of delinquency. Still further, it passed the interest of the county as to all delinquent taxes without other exception than the taxes for the current year, which must mean the taxes for 1916, that being the year in which the sale was made to the plaintiff, and the further exception of any subsequent delinquent tax certificate issued to some individual. It was possible that for any of the years subsequent to 1909 any individual might have applied for a certificate of delinquency on the realty involved. Upon him would have rested the obligation of paying all manner of taxes under the provision of Section 3704, L. O. L., as amended by the act of 1913. But no

such certificate appears in the record and hence the only exception in derogation of the title passed to the purchaser by the sale of the county of the lands which it had obtained at its own foreclosure sale is the tax current for the year in which the sale was made to the plaintiff.

The same effect is reiterated in Section 3718, L. O. L., as amended, where it is said of deeds given to purchasers of land from the county:

"Such deeds shall vest in the purchasers title in fee thereto, and such title shall be superior to any lien, claim or charge whatever against such lands, except the lien of tax certificate of delinquency issued to an individual, subsequent to that for which the land was sold, and the taxes for the current year."

Referring again to the language of Section 3717, we note that, "No parcel of land shall be sold more than once." If the contention of the county is to prevail, it could sell its land as many times as it has certificates of sale, and the purchaser could not be certain whether he would acquire title or not. If the county would obtain money enough to cover the taxes for all the years of delinquency, it should in its order for sale under Section 3717 fix an upset price at which the bidding must be started, and which is equal to the aggregate of all its demands. It seems not to have done so in the present instance, and hence the title passed to the plaintiff at the price which he offered. It is manifest also that the sale by the county of lands which it had acquired at its own foreclosure sale must carry the full title, because it is provided in Section 3713, already quoted, that the proceeds of the sale of such property shall be apportioned to the different funds existing at the date of sale, according to the tax levies of the year last in process of collection. In other

words, the different funds will partake in the proceeds of the sale *pro rata,* not according to the ratio existing at the time the certificate of delinquency was issued or the sale made to the county, but according to the latest tax levy in process of collection.

Considering, therefore, that there can be but one sale of land bid in by the county, that it passes all title of the county which it holds not only by virtue of the sale to it but by virtue of all certificates of delinquency' issued to it, and that it cancels all taxes at the time the deed is issued, with the exceptions noted, it is obvious that the plaintiff took title to the land to the exclusion of all tax claims whatsoever, except those current at the date of his deed. The decree of the Circuit Court is affirmed. AFFIRMED.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.