Argued October 2, reversed and writ ordered issued October 23, 1928.

HORSEFLY IRRIGATION DISTRICT *v.* BURT E. HAWKINS, SHERIFF.

(271 Pac. 194.)

For appellant there was a brief over the name of *Messrs. O'Neill & Irwin,* with an oral argument by *Mr. John Irwin.*

For respondent there was a brief over the names of *Mr. Wilson S. Wiley, Messrs. Manning, McColloch & Driscoll* and *Mr. W. M. Duncan,* District Attorney, with an oral argument by *Mr. Henry D. Boivin.*

BEAN, J.—This case was before this court upon the question of the issuance of an alternative writ of *mandamus* to require the sheriff to issue a certificate of delinquency for the assessments of the irrigation district above mentioned, or show cause why he should not do so. See 121 Or. 366 (254 Pac. 825.) Upon the cause being remanded to the Circuit Court for further proceedings, the defendant sheriff answered, setting forth the tax foreclosure proceedings, the deeding of said land by the sheriff to the county, and the later reconveyance by the county to Lola Driscoll, the original record owner of the land. The defendant contends that she thereby took the lands discharged of all irrigation assessments for the sev-

eral years mentioned, under the provision of Section 4366, Or. L. Plaintiff contends that the irrigation district assessments in question remain unaffected by the proceedings mentioned and that the court erred in dismissing the alternative writ of *mandamus*.

This case involves a consideration of Section 1, Chapter 128, Gen. Laws of Oregon, 1923, page 187. This section reads as follows:

"Any time after the expiration of six months from the date of delinquency of any taxes levied upon real property within an irrigation or drainage district, when any property within such district remains on the tax roll for which no certificate of delinquency has been issued, the sheriff of such county within which such property may be situated shall have the right and it shall be his duty, without any action of the county court of said county, upon demand of such irrigation or drainage district and upon the payment of all taxes levied against such land, except the irrigation or drainage district tax included therein, with penalty and interest thereon, to make out and issue to such irrigation or drainage district a certificate of delinquency against such property for the full amount of taxes levied against said property, including the tax levied by such irrigation or drainage district, with penalties and interest accrued at said time or upon demand of any individual and upon payment of all taxes levied against such lands, including the tax levied by such irrigation or drainage district, the sheriff of such county shall have the right and it shall be his duty, without any action of the county court of said county, to issue to such individual a certificate of delinquency against such property for the full amount of taxes, including the tax levied by such irrigation or drainage district, with penalties and interest accrued at said time, the certificate, whether issued to such irrigation or drainage district or to an individual, to be in such form and to have the same

legal effect as is provided by the General Laws of the state of Oregon covering such matters.''

Section 2 authorizes a foreclosure of the certificate of delinquency at any time after one year from the date of the first delinquency. Formerly such irrigation assessments were collected and accounted for in the same manner as other taxes of the county under Section 7331, Or. L.

This scheme apparently did not work satisfactorily to the interests of irrigation districts, and the legislature, evidently in order to remedy the situation, enacted the law of 1923. In addition to the provisions of law theretofore in force, this act gives the irrigation or drainage districts authority, upon taking the prescribed measures to obtain a certificate of delinquency against property within such a district and institute foreclosure proceedings to enforce collection of the district assessments. This provision was made in order that the collection of such district assessments should not necessarily slumber until some other authority, or some person, should take the initiative and obtain and enforce a certificate of delinquency against lands in such districts. The proceedings by counties, together with the many duties of their officials in tax proceedings, did not appear to meet the local needs of such districts. The usual amount of irrigation assessments tended to deter individuals from purchasing delinquency certificates against land within such districts.

■ The statute under consideration was enacted for the purpose of providing means for the enforcement of the collection of such district assessments and not to furnish a loophole for the nonpayment of the same. The assessment of the plaintiff district for the year 1922 was included in the amount of the sale of the

land and collection by the county, and the law plainly directs the payment of such amount to the fund of the plaintiff district and it may be presumed that this has been done. The tax for 1922, $448.93, should therefore be eliminated from this proceeding.

As to the other assessments involved, the plaintiff district has had the benefit of no law or proceeding for the enforcement of the collection thereof. It has not had its day in court. It has taken measures to bring itself squarely within the provisions of Chapter 128, Laws of 1923, above quoted, and is entitled to have a certificate of delinquency issued to it for the assessment taxes for the four years mentioned.

It is urged on behalf of defendant, apparently in the interest of the owner of the land, that Lola Driscoll, by virtue of her purchase of the land from the county, took the same discharged of all irrigation assessments for the year mentioned under Section 4366, Or. L., as construed in the case of *Hager* v. *Clatsop County*, 92 Or. 600 (181 Pac. 743). Section 4366, Or. L., reads thus:

"No claim shall ever be allowed against the county in favor of any municipality, school district, road district, or other taxing district for taxes levied on property acquired by the county by tax deed under the provisions of this act, but all taxes shall at the time of deeding said property be thereby canceled; provided, that the proceeds of any sale of any property acquired by the county by tax deed shall be justly apportioned to the various funds existing at the date of the sale in the territory in which such property is located, according to the tax levies of the year last in process of collection."

In the Hager case, the situation was that the county had foreclosed on a delinquency certificate and bid in the property. Thereafter the county directed the

sheriff to publish notice and sell the lands embraced in the first certificate. The land was sold to a private individual and a deed executed and delivered by the sheriff. At the time of the deed taxes had been levied against the land for about six years, for which certificates had been issued to the county. Thereafter, the county attempted to foreclose the subsequent certificates.

The prior Section 4364, Or. L., provides in part as follows:

"At all sales of property for which certificates of delinquency are held by the county, if no other bids are received, the county shall be considered a bidder for the full area of each tract or lot to the amount of all taxes, penalties, interest, and costs due thereon, and where no bidder appears acquire the title thereto as absolutely as if purchased by an individual under the provisions of this act; all bidders except the county at sales of property for which certificates of delinquency are held by the county shall pay the full amount of taxes, penalties, interest, and costs for which judgment is rendered together with all taxes, interest and costs for all subsequent years due on said property at the date of sale."

It may be noticed, in passing, that the requirement of the section just quoted was not observed in the proceedings set forth in defendant's answer. It was held that the sale by the county to the purchaser passed all the right, title and interest of the county, including its interest in all the subsequent taxes, which interest was represented by the subsequent certificates of delinquency and that the second sale could not be effective; that the county should, in making such sale, have fixed an upset price to which bidding must be started equal to the aggregate of all its demands. This was not done.

It will be seen that the county in making the sale in that case had an opportunity to fully protect itself and sell the land for a sufficient amount to pay all of the taxes, up to the time of such sale. Since that decision was rendered, Section 4370, Or. L., as amended by Chapter 248, General Laws of Oregon, 1923, was amended in 1925, so that when the County Court desires to sell any real property acquired for taxes, it shall enter an order upon its records directing the sheriff to sell such property and fix the maximum price for which the property shall be sold, which order may be amended from time to time, evidently in order to cover any subsequent taxes, and Chapter 128, Laws of 1923, now under consideration, has been passed.

In the present case the circumstances are entirely different from those in the Hager case. Here the owner of the property purchased and sold by the county was a purchaser from the county and under the provisions of Section 4370, Or. L., as amended by Chapter 12, Laws of 1925, which reads in part as follows:

"Provided, however, that the county court shall have power at any time, without the publication of the notice hereinabove provided for, to sell and convey by deed, signed by the county judge and commissioners, to the record owner, or to his assigns, any property acquired by any county for delinquent taxes, for the amount for which such property was purchased by the county with interest thereon at the rate of 6 per cent per annum from the date of such purchase, and all such sales heretofore so made by any county are hereby confirmed and declared valid."

Under the latter provision, which governed when Lola Driscoll redeemed the land from the foreclosure and received a deed from the county, there was no

authority for the County Court to sell the land to the record owner for any more than the amount for which the property was purchased, or "fix an upset price" equal to its demands, or to include the irrigation district taxes. In effect, the owner redeemed the land from the sale for taxes. This left it, in effect, as the payment of the taxes included in the foreclosure. The irrigation district was not a party to the foreclosure proceedings. The claim that it now seeks to enforce was not adjudicated. Under the general rule, therefore, the proceedings pleaded by defendant would not be a bar: *La Follette* v. *Mitchell*, 42 Or. 465, 471, 472 (69 Pac. 916); *Stillwell* v. *Hill*, 87 Or. 112, 116, 117 (169 Pac. 1174); *Cromwell* v. *Sacs County*, 94 U. S. 351; and is not barred by the provisions of the statute.

Again, Section 3717, L. O. L., as amended by Laws of 1913 (now Section 4370, Or. L.), has been further amended by Chapter 408, Section 1, Laws of 1917, so as to eliminate the provision referred to in the Hager case, and which was largely the basis of the opinion in that case, as follows:

"No parcel of land shall be sold more than once, and the sale of any parcel shall be construed to pass all of the right, title and interest of the county or other municipality to which the same has been sold by virtue of the taxes for which the same was sold, and any subsequent taxes advanced by such county or municipal corporation, and also all delinquent taxes, excepting the taxes for the current year, and the lien of subsequent tax certificates to individuals."

In short, when the deed was issued by the county to the record owner, under the law of 1925, it simply wiped out the foreclosure as to this land and the

taxes on the land embraced in the foreclosure were paid.

■ The amendments and additions to the statute, and the different circumstances of the present case, render the principle of the *Hager* v. *Clatsop County* case inapplicable. The provisions of Section 4366, Or. L., do not apply to the irrigation district assessments in the present case. This section presupposes that in a foreclosure of a delinquency certificate and purchase by the county that the county, under Section 4364, Or. L., was a bidder to the full amount of all taxes, penalties, interest and costs due thereon, that is due on the property.

It was not the fault of the irrigation district that the record in the foreclosure proceedings did not show that the county was a bidder for the land at the tax sale to the amount of "all taxes, penalties, interests and costs due thereon," and the district is not precluded by such erroneous proceeding. The latest date of certificate of delinquency foreclosed by the county, given in the stipulation of facts, is June 7, 1919.

■ When this case was before us, upon the other appeal, we said: "If the taxes other than the district taxes, are paid prior to the request for a certificate, then the certificate should be issued for the remaining delinquent taxes. There are no other taxes to be paid."

"The law contemplates that all the taxes against lands, in such a district, should be paid together. An owner of lands in a district of either kind mentioned does not have the right to pay the other taxes upon his property and leave the district taxes unpaid and then defeat their collection in the regular manner. If such a certificate is issued for

only delinquent taxes the taxpayer has no reason to complain."

That statement seems applicable at the present time.

The irrigation district, coming within the provisions of Chapter 128, Laws of 1923, quoted above, except as to the .assessments for the year 1922, which must be eliminated, is entitled to the writ prayed for.

Let the peremptory writ issue.

WRIT ORDERED ISSUED.

RAND, C. J., and BROWN and BELT, JJ., concur.