Argued September 20, writ allowed September 21, 1926.

ROBERT N. STANFIELD *v.* SAM A. KOZER,
SECRETARY OF STATE.

(249 Pac. 631.)

**Elections.**

1. Person not nominee of existing political party but nominated by regularly constituted assembly of voters, under Section 3920, Or. L., is "independent candidate" within Section 3965.

**Elections—Candidate not Nominee of Existing Party, but Nominated by Regularly Constituted Assembly of Voters, Held Entitled to have "Freedom from Dictatorship, Independent," Put on Ballot After His Name (§ 4003, Or. L., and § 3923, subd. 3).**

2. Under Section 4003, Or. L., and Section 3923, subdivision 3, candidate not nominee of any existing party, but nominated by regularly constituted assembly of voters, is entitled to have words, "Freedom from Dictatorship, Independent," put on ballot after his name as expressing political principle.

Elections, 20 **C. J.**, p. 144, n. 31.

Original proceedings in *mandamus*.

This is a petition filed by the plaintiff to require the defendant to place upon the official ballot, after his name as candidate for United States Senator, the words, "Freedom from Dictatorship, Independent," or alternatively the words, "No Dictatorship, Independent," as suggested by the assembly placing him in nomination.

It is alleged that the Secretary of State so construes the law that he declines to place any designation opposite the candidate's name, except the word "independent." The Attorney General, appearing for the Secretary of State, demurred to the writ and the demurrer was overruled.                WRIT ALLOWED.

For plaintiff there was a brief and oral argument by *Mr. A. D. Leedy.*

For defendant there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral argument by *Mr. Willis S. Moore,* Assistant Attorney General.

McBRIDE, C. J.—Owing to the short length of time that must elapse between this hearing and the preparation of the voter's pamphlet and the ballot, we are precluded from the preparation of an extended opinion. Our opinion must rest largely upon the interpretation of Sections 3920–3923, 3965–4003, Olson's Oregon Laws. Said sections, or that portion of them bearing on the matter at issue, are as follows:

"§ 3920. * * Any political party, and any assembly of electors as hereinafter defined, and also individual electors to the number hereinafter specified, by causing a certificate of nomination to be duly prepared and filed in the manner hereinafter provided, may nominate one candidate for each public office to be filed at the election, whose name shall be placed upon the ballots to be furnished as hereinafter provided. A political party within the meaning of this act is an affiliation of electors representing a political party which, at the general election next preceding, polled at least five per cent of the entire vote cast in the state, county, precinct, or other electoral district for which the nomination is made for representative in congress, or which shall present a petition with the signatures of at least five per cent of the electors of that district, stating their intention to form a new political party, giving the designation thereof. An assembly of electors, within the meaning of this act, is an organized body of not less than one hundred electors of the state or electoral division thereof for which the nomination is made."

"§ 3923. * * All certificates of nomination shall state such facts as are required by this act, and also:

"1. The name of the candidate.

"2. The office for which he is nominated.

"3. The party or political principle which he represents, expressed in not more than three words.

"4. His place of residence, with street and number thereof, if any.

"In the case of electors of president and vice-president of the United States, the names of the candidates for president and vice-president they represent may be added to the party or political appellation, and the names of all the nominees for electors of president and vice-president may be upon the same certificate of nomination."

"§ 3965. * * A political party within the meaning of this act is an affiliation of electors representing a political party or organization, which, at the last preceding general election polled for its candidates for presidential electors at least 20 per cent of the entire vote cast for that office in the state. Every such political party shall nominate all its candidates for public office, under the provisions of this law and not in any other manner, and it shall not be allowed to nominate any candidate in the manner provided by section 3920. Every political party and its regularly nominated candidates, members and officers shall have the sole and exclusive right to use of the party name and the whole thereof, and no candidate for office shall be permitted to use any word of the name of any other political party or organization than that by which he is nominated. No independent or nonpartisan candidate shall be permitted to use any word of the name of any existing political party or organization in his candidacy, nor shall be permitted to use any other name than 'independent' or 'nonpartisan.' The names of candidates for public office nominated under the provisions of this law shall be printed on the official ballots for the ensuing election as the only candidates of the respective parties for such public office in like manner as the names of the candidates

nominated by other methods are required to be printed on such official ballots, and the provisions of sections 3934 and 3935 shall apply to and are hereby made applicable to nominations for public office made under this law, so far as the same are not in conflict with the provisions of this law."

"§ 4003. * * The name of each person nominated shall be printed upon the ballot in but one place, without regard to.how many times he may have been nominated, but there shall be added opposite thereto the party or political designation, expressed in not more than three words for any one party, as specified in each of the certificates of nomination nominating him for the office, and which he has accepted. * * "

1. It is conceded, for the purposes of this case, that plaintiff is not the nominee of any existing political party, and that he has been nominated by a regularly constituted assembly of voters, and is, therefore, an independent candidate within the meaning of the law.

2. The plaintiff contends that under subdivision 3 of Section 3923, Or. L., above quoted, he is entitled to have "the political principle which he represents, expressed [on the ballot] in not more than three words," and that "Freedom from Dictatorship, Independent" expresses a "political principle." It would seem that the words "Freedom from Dictatorship" express a political principle quite as definitely as the words, "republican, democrat, or socialist," and unless there is some inhibition in the statute, the plaintiff is entitled to have them go upon the ballot, the idea of the framers of the statute being to inform the voters in a general way upon what particular political principle the candidate claims their suffrage. It may be a little hazy and ambiguous, but perhaps not much more than many political platforms or statements of political principles.

The counsel for defendant bases his argument to a great extent upon that portion of Section 3965, Or. L., which, after referring to Section 3920, Or. L., defining political parties and assemblies, declares that—

" * * Every such political party shall nominate all its candidates for public office under the provision of this law and not in any other manner and it shall not be allowed to nominate any candidate in the manner provided in section 3920 [i. e., by petition or assembly]. Every political party and its regularly nominated candidates, members, and officers shall have the sole and exclusive right to use the *party name* and the whole thereof, and no candidate for office shall be permitted to use any word of the name of any other political party or organization than that by which he is nominated. No independent or nonpartisan candidate shall be permitted to use any word of the *name* of any existing political party or organization in his candidacy, nor shall he be *permitted* to use any other *name* than 'independent' or 'nonpartisan.' "

We have called attention by italics to the fact that the prohibition gives to the use of the *name* of any other party, that is, to say, no independent candidate can have himself designated as an "independent republican or independent democrat" or the like. But, we find nothing prohibiting his use of these words by which to inform the voter of his political status. The words "Freedom from Dictatorship, Independent," succinctly inform the public that the candidate is opposed to dictatorship and he should have these three words placed on the ballot. The demurrer will be overruled and the writ made peremptory.

WRIT ALLOWED.

RAND, J., not sitting.

BURNETT, J., dissents.