Argued October 12, reversed November 9, 1926.

## GEORGE PUTNAM *v.* SAM A. KOZER, AS SECRETARY OF STATE.

(250 Pac. 625.)

**Elections — Candidate Nominated at Primary Election is "Party Candidate" (Laws 1905, p. 7 et seq.; Or. L., § 4003.**

1. Under Direct Primary Nominating Elections Law (Laws 1905, p. 7 et seq.), candidate nominated at primary election is "party candidate," not independent candidate, provided he accepts nomination, under Section 4003, Or. L.

**Elections—Secretary of State cannot be Compelled by Mandamus to Go Beyond Official Records of Nomination in Drawing Up Ballot (Or. L., §§ 3923, 4003; Const., Art. III, § 1).**

2. Where certificate of election, complying with Section 3923, Or. L., showed candidate to be Democrat, nominated for senator by Democratic party, Secretary of State could not be compelled by *mandamus* to go beyond official records in making his certificate, as provided by Section 4003, Or. L., by entering words "Opposed to Prohibition" after candidate's name; judiciary being inhibited by Constitution, Article III, Section 1, from exercising this legislative function.

**Mandamus.**

3. In order to enforce ministerial duty by *mandamus*, as given in Section 613, Or. L., obligation must be peremptory and plainly defined.

**Elections.**

4. Section 4003, Or. L., relative to arrangement and party designation of candidates on official ballot, is mandatory.

---

Constitutional Law, 12 C. J., p. 883, n. 97, 98.
Elections, 20 C. J., p. 111, n. 70, p. 112, n. 84, 85, p. 116, n. 42, p. 117, n. 53, p. 125, n. 55, p. 143, n. 6.
Mandamus, 38 C. J., p. 541, n. 13, p. 543, n. 45, p. 582, n. 71, p. 590, n. 36, p. 600, n. 84, p. 723, n. 95 New.

3. See 18 R. C. L. 117.

From Marion: L. H. McMAHAN, Judge.

In Banc.

REVERSED.

For appellant there was a brief over the names of *Mr. I. H. Van Winkle*, Attorney General, and *Mr. Willis S. Moore*, Assistant Attorney General, with an oral argument by *Mr. Moore*.

For respondent there was a brief over the names of *Mr. Walter E. Keyes* and *Mr. E. M. Page*, with an oral argument by *Mr. Page*.

BROWN, J.—This is an appeal from a judgment order of the Circuit Court of Oregon for Marion County, commanding Sam A. Kozer, as Secretary of State, to "arrange upon the ballot to be submitted to the voters of the First Senatorial District of the State of Oregon the name of George Putnam, together with the words, 'Opposed to Prohibition, Democrat.' "

At the general primary election of May 17, 1926, without his solicitation or knowledge, the relator was nominated by the electors of the Democratic party as a candidate for senator, by the writing of his name upon the ballot. This method of nominating candidates is provided for by the Direct Primary Elections Law. He accepted the nomination thus made by the members of his party, and asked the secretary of state to certify for the purpose of printing upon the ballot, in addition to the word "Democrat," the statement "Opposed to Prohibition."

1. As indicated by the language of the primary law hereinafter set forth, that act contemplates that the parties, subject to its terms, may nominate party

candidates without interference from the members of
other political parties, or from nonpartisans. Under
the provisions of that act, the only authority con-
ferred upon the electors voting at the primary elec-
tion is the authority to vote for the nomination of
some person as a candidate of their political party.
In other words, the Democrat voting at the Demo-
cratic primaries votes for the nominees of the Demo-
cratic party, and the Republican, at his primary elec-
tion, votes for the nominees of the Republican party.
But, while Democrats alone can lawfully vote at a
Democratic primary, they are authorized to nominate
for office as a Democratic candidate any person
eligible thereto, even though such person may be of a
different political faith or the nominee of another
party for the same office. It must be borne in mind,
however, that such candidate, when nominated, be-
comes a candidate of the political party or parties so
nominating him, provided he accepts such nomina-
tion: Or. L., § 4003. Obviously, then, a candidate
nominated at the primary election is in no sense an
independent or a nonpartisan candidate, but is the
candidate of the party or parties nominating him.

The relator has referred to the case of *Stanfield*
v. *Kozer*, 249 Pac. 631, decided by this court on
September 20, 1926. The facts in that case are un-
like the facts in this. Stanfield was not the nominee
of any political party. He filed a certificate of
nomination that contained a three-word declaration,
representing what the assembly of electors nomi-
nating him choose to denominate a political prin-
ciple. On the other hand, the relator herein was
drafted by his Democratic supporters as a standard-
bearer of the Democratic party, a party that is
subject to the provisions of the Direct Primary Elec-

tions Law and therefore not authorized to nominate candidates for office in any way other than under its provisions.

The Direct Primary Nominating Elections Law, under which the relator received his nomination, was proposed by the people by initiative petition and approved by a majority of the votes cast thereon at the general election held June 6, 1904. As explanatory of the purpose of the law, we quote the following:

"An Act—To propose by initiative petition a law declaring certain rights of political parties and voluntary political organizations and of the members and candidates thereof; * * defining a political party subject to the provisions of this law; providing for holding primary nominating elections preceding any election in this state * * for the purpose of nominating all the candidates by all political parties subject to this law * * ; prescribing forms and procedure at such primary nominating elections, * * and statements to be made by candidates for nomination thereat * * ." Gen. Laws 1905, Title, p. 7.

"Under our form of government, political parties are useful and necessary at the present time. * * The method of naming candidates for elective public offices by political parties and voluntary political organizations is the best plan yet found for placing before the people the names of qualified and worthy citizens from whom the electors may choose the officers of our government. * * The purpose of this law is better to secure and to preserve the rights of political parties and voluntary political organizations, and their members and candidates. * * " Preamble, pp. 8 and 9.

"A political party within the meaning of this act is an affiliation of electors representing a political party or organization, which, at the next general election preceding, polled for its candidate for Representative in Congress at least twenty-five per cent. of the entire vote cast for that office in the state.

Every such political party shall nominate all its candidates for public office under the provisions of this law, *and not in any other manner.* * * Every political party and its regularly nominated candidates, members and officers, shall have the sole and exclusive right to the use of the party name, and the whole thereof, and no candidate for office shall be permitted to use any word of the name of any other political party or organization than of that by which he is nominated. No independent or nonpartisan candidate shall be permitted to use any word of the name of any existing political party or organization in his candidacy. The names of candidates for public office nominated under the provisions of this law shall be printed on the official ballots for the ensuing election as the *only candidates of the respective political parties* for such public office in like manner as the names of the candidates nominated by other methods are required to be printed on such official ballots, and the provisions of sections 2805 and 2806 of Bellinger and Cotton's Annotated Codes and Statutes of Oregon shall apply to, and are hereby made applicable to, nominations for public office made under this law, so far as the same are not in conflict with the provisions of this law." Section 11.

"No person who is not a qualified elector and a registered member of a party making its nominations under the provisions of this law shall be qualified * * to vote at said primary nominating election * * ." Section 15.

Section 17 provides for the keeping of a register of nominations, showing "the name of each candidate nominated, the office for which he is nominated, and the name of the party making the nomination." Section 23 provides that any candidate for nomination may have printed on the ballot opposite his name a slogan, expressed in not more than twelve words. This section further provides that, at the end of the list of candidates for nomination to each particu-

lar office, there shall be left a blank space in which the elector may write the name of any person not printed on the ballot for whom he desires to vote as a nominee for such office. Section 26 provides that any person desiring to vote at a primary nominating election shall declare to the clerk of his election board his name, his residence, and political party. Section 29 provides for the opening of the returns of the primary nominating election and for the making of abstracts of the votes cast by each party for its candidates. Section 39 provides, among other things:

"No elector shall be qualified to vote, nor permitted to vote at any such primary nominating election required by this law, * * unless he shall be registered as above required as a member of one of the political parties choosing and nominating its candidates for public office under the provisions of this law at such primary nominating election. Every qualified elector offering to vote at any such primary nominating election shall be given a ballot of the political party with which he is registered."

Our Code prescribes:

"All certificates of nomination shall state * * :
"1. The name of the candidate;
"2. The office for which he is nominated;
"3. The party or political principle which he represents, expressed in not more than three words;
"4. His place of residence, with street and number thereof, if any." Section 3923, Or. L.

2. In the cause at issue, the certificate of nomination contained the name of the relator. It stated, in effect, that he had been nominated as the Democratic candidate for senator of the First District of Oregon. There was no suggestion in the certificate that he had been nominated by individuals or by a group of electors advocating the political prin-

ciple embodied in his proposed slogan. The relator being a Democratic candidate, nominated at the primary election by the Democratic party, the law, not the candidate, declares what designation shall follow his name upon the official ballot. Moreover, the Secretary of State, in making his certificate provided by Section 4003, cannot be commanded to go beyond his official records.

Section 4003, Or. L., expressly provides:

" * * The name of each person nominated shall be printed upon the ballot in but one place, without regard to how many times he may have been nominated, but there shall be added opposite thereto the party *or* political designation, expressed in not more than three words for any one party, *as specified in each of the certificates of nomination* nominating him for the office, and which he has accepted."

3. If *mandamus* shall lie in this cause, it must appear from the record that the relator possesses a clear, legal right to the thing demanded, and it must be the imperative duty of the Secretary of State to perform the act so demanded: Or. L., § 613. The writ of *mandamus* is a high judicial writ of ancient origin. Its office is not to create obligations, but to enforce the performance of legal obligations already existing. It is a mere legal remedy for a legal right: *Union Church* v. *Sanders,* 1 Houst. (Del.) 100 (63 Am. Dec. 187). The alleged purpose of this proceeding is to compel Sam A. Kozer, as Secretary of State, to perform an asserted ministerial act required of him by law. It has been held that, in order to enforce by *mandamus* a ministerial duty, the obligation must be both peremptory and plainly defined. The law must not only authorize the act, but it must require the act to be done: *United States* v. *Lamont,* 155 U. S. 303 (39 L. Ed. 160, 15 Sup. Ct.

Rep. 97, see, also, Rose's U. S. Notes). The relator would compel the Secretary of State to certify to the various county clerks the words, "Opposed to Prohibition," in order that such words may appear as his slogan upon the official ballot. We have not been shown, nor are we able to find, a law that requires the Secretary of State to perform this act. The relator not having been nominated by individual electors or an assembly of electors adopting the words, "Opposed to Prohibition," as a political principle, there is no law that confers upon him the right to have such words appear upon the official ballot following his name.

4. That statutory provisions relating to the arrangement of the names of candidates and their party designation upon the official ballot are mandatory is well established: 20 C. J. 143. Section 4003, Or. L., prescribes the form of official ballot, together with the arrangement of the names of candidates and their party designation. The law does not impose upon the Secretary of State the performance of the, act demanded, neither does it confer upon the relator the right to demand such performance. For this reason *mandamus* will not lie in this cause. Our Constitution inhibits the judiciary from exercising the functions of the legislative department: Or. Const., Art. III, § 1. Hence we must deny the relator's right to a writ of *mandamus* and direct that the judgment of the lower court be reversed. It is so ordered.                                        REVERSED.

BEAN and RAND, JJ., absent.