Argued October 21; reversed October 24, 1932

STATE ex rel. HUCKESTEIN *v.* POULSEN, City
Recorder
(15 P. (2d) 372)

See 18 R. C. L. 119 (6 Perm. Supp., 4417).

*William H. Trindle,* of Salem, for appellant.

*Walter E. Keyes,* of Salem (Keyes & Page, of Salem, on the brief), for respondent.

BELT, J.  This is an appeal from the judgment of the circuit court directing the issuance of a peremptory writ of mandamus to compel the recorder of the city of Salem to do certain things as such officer, relative to the submission to the voters of said city at the general election in November the question of the repeal of section 90 of the charter which authorizes the issuance of bonds for the purpose of constructing or purchasing a water system.  Initiative petitions requesting the submission of the proposed charter repeal were filed with the city recorder on October 5, 1932.  After the city attorney, on October 8, 1932, had furnished a ballot title as follows:

"PROPOSED BY INITIATIVE PETITION:

"Shall Section 90 of the Charter of Salem, Oregon, authorizing acquisition of municipal water system; issuance of bonds not exceeding Two Million Five Hundred Thousand Dollars to pay for and improve same; authorizing appraisal and purchase plant and property of Oregon-Washington Water Service Company or construction of new system and additions and betterments; providing methods for condemning necessary property; creating water commission to operate system acquired or constructed; providing for election of commissioners, prescribing duties of commission and disposition of revenues; removing debt limitation for purpose such amendment, adopted December 15, 1931, be repealed?

506  YES  I vote for repeal.

507  NO  I vote against repeal."

the city recorder, on the same date, certified the ballot title as thus prepared and forwarded the same to the

county clerk to be printed on the official ballot to be used at the general election on the 8th of November. The county clerk refused to file the ballot title or to print the same on the official ballot for the next general election for the reason that it had not been certified to him within the time provided by statute. Thereupon the plaintiff instituted two mandamus proceedings: (1) To compel the county clerk to print the above initiative measure on the general election ballot; and (2) to compel the city recorder to print a special ballot to be used at the general election whereby this initiative measure alone would be submitted to the voters for their approval or rejection, and to do certain other things necessary for the submission of such measures at a general election. The first action against the county clerk was dismissed. Relative to the second and instant proceeding, the circuit court directed the issuance of a peremptory writ commanding the city recorder:

(1) To print ballots for such measure to be used at the next general election to be held in the city of Salem;

(2) To print ballots in accordance with the ballot title set out in the mandate, with Number "100 YES I vote for repealing the law," and "101 No I vote against repealing the law";

(3) To print copies of the proposed charter amendment and mail such copies to each voter in the city of Salem ten days before election;

(4) To deliver such ballots when prepared to the judges and clerks of the general election;

(5) To provide and furnish ballot boxes for such general election;

(6) To deliver such ballot boxes to the judges of the general election;

(7) To furnish election supplies to such judges and clerks of the general election;

(8) To do anything necessary toward the holding of a general election as Ordinance No. 1464 provides.''

■■ It is conceded that Ordinance 1464 is the only ordinance of the city of Salem which provides a method for the exercise of the power of initiating laws by a direct vote of the people of the city, which power is vested in the municipality by virtue of Art. IV, § 1a, of the Constitution of Oregon.

Art. IV, § 1a, of the Constitution of Oregon, provides:

"* * * The initiative and referendum powers reserved to the people by this constitution are hereby further reserved to the legal voters of every municipality and district, as to all local, special, and municipal legislation, of every character, in or for their respective municipalities and districts. The manner of exercising said powers shall be prescribed by general laws, except that cities and towns may provide for the manner of exercising the initiative and referendum powers as to their municipal legislation. * * *''

This court, in construing the above constitutional provision, has held that the state law providing for the exercise of the power of initiative has no application to municipalities which have provided their own method of procedure: *Colby v. City of Medford,* 85 Or. 485 (167 P. 487); *Curtis v. Tillamook City,* 88 Or. 443 (171 P. 574, 172 P. 122). It follows that, if a city does not provide for a complete procedure, the state law, so far as it does not conflict with the procedure provided by the municipality, controls. It is plain from an inspection of Ordinance 1464 that the city did not undertake to provide a complete procedure for the exercise of the initiative, as section 14 thereof provides:

"The laws of the state of Oregon providing for carrying into effect the initiative and referendum in

respect to municipal legislation shall be followed in the city of Salem, Oregon, in every other particular except as in this ordinance provided.''

■ Turning to the ordinance in question, we find no provision therein for the recorder to do some of the things which the writ commands him to do. It is elementary that the extraordinary remedy of mandamus cannot be invoked to compel an officer to do something which the law does not make it his duty to do. If the recorder is to be compelled to do those things specified in the writ, it must be by virtue of the ordinance in question. As stated in *Putnam v. Kozer*, 119 Or. 535, (250 P. 625), ''The law must not only authorize the act but it must require the act to be done,'' citing in support thereof: *United States v. Lamont*, 155 U. S. 303, (39 L. Ed. 160, 15 S. Ct. 97). Also, see, *State v. Van Winkle*, 125 Or. 197 (266 P. 1075); *Horsefly Irrigation District v. Hawkins*, 121 Or. 366 (254 P. 825).

■ Where in the ordinance do we find that it is the duty of the recorder to ''deliver said ballots to the judges and clerks of the general election'' as commanded in the writ? It is not so provided. Neither does the ordinance make it the duty of such officer ''to furnish the judges and clerks of the next general election with necessary ballot boxes and supplies.'' Certainly there is no authority to compel the recorder to print a ballot with numbers different from those designated by the city attorney. True, the numbers may not be material, so far as affecting the election is concerned, but that is beside the question so far as determining whether a writ should issue. The petitioner is entitled to the writ only for the enforcement of a plain legal right. The ballot prepared by the city attorney has never been challenged in any proceeding. We find no provision of the ordinance making it the

duty of the recorder to provide ballot boxes for such general election. Neither do we think it is his duty to print ballots for measures submitted at a general election. Section 6 of the ordinance makes it the duty of the city recorder to print the ballot titles upon the official ballot which is to be used in the general election. However, the ordinance discloses no provision whatever for an official ballot. In fact, no ordinance of the city provides for an official ballot to be used at a general election.

It is clear that the common council did not undertake in such ordinance to provide a complete procedure for the submission of initiative measures. It, no doubt, had in mind that the general statutory provisions in reference to the exercise of the initiative should be followed to supplement the procedure enacted by the city.

The recorder has certified to the county clerk three ballot titles for measures which will appear upon the general election ballot. If this writ is to be sustained, we will have the anomalous situation of three city measures appearing on the general election ballot and one initiative measure on a separate ballot. Those who vote on the three measures on the general election ballot will deposit their ballots in ballot boxes furnished by the clerk under the provisions of § 36-1408 of our Code, whereas those who vote on the initiative measure on a separate ballot would cast their votes in a ballot box furnished by the city recorder. Furthermore, if the writ is sustained, the recorder will be obliged to furnish election supplies to be used by the judges and clerks of the general election relative to the initiative measure appearing upon the separate ballot, whereas as to the three other municipal measures the judges and clerks of election will use sup-

plies furnished by the county clerk. We are unable to reach the conclusion that the law contemplates any such absurd procedure.

In our opinion, the city recorder, aside from his duty to print copies of the proposed charter amendment and mail the same to the voters of the city, did all that was required of him under the ordinance when he checked the names of voters and certified the ballot title to the measure in question and forwarded it to the county clerk to be printed on the official ballot to be used at the general election.

Since there is no ordinance providing for the preparation of a general election ballot, we turn to § 36-1401, Oregon Code 1930, wherein it is provided that:

"Not more than forty (40) days and not less than thirty-five (35) days before the day fixed by law for the election, the county clerk of each county shall arrange in the manner provided by this act for the arrangement of the names and other information upon the ballot, or ballots, all the names and other information concerning all the candidates contained in the certificates of nomination which have been filed with him and accepted by the nominees, and which have been certified to him by the secretary of state, or city or town officer, in accordance with the provisions of law, * * *."

Section 36-1402, Oregon Code 1930, provides:

"The county clerk of each county shall cause to be printed according to law all the ballots required under the provisions of this act * * *."

Section 36-1404, Oregon Code 1930, provides for the arrangement, style, and form of the official ballot.

■ It is clear that, if a municipality desires to invoke the legal machinery provided by the state for the exercise of the initiative, it must conform to the provisions of section 36-1401, specifying the time within

which the names of candidates and "other information" upon the ballots shall be certified to the county clerk, in order that such officer may arrange for the printing of the official ballot. It is suggested that there is no provision for the certification of municipal measures to appear on the official ballot, but we direct attention to that part of § 36-2007, Oregon Code 1930, wherein it is provided:

"The appropriate officer of each incorporated city or town of the state having more than two thousand inhabitants at the last preceding United States census, *at the time he furnishes to the county clerk of the county* in which such incorporated city or town is situated certified copies of names of the candidates for city and town offices, shall furnish to said county clerk his certified copy of the ballot titles and numbers of the several measures to be voted upon at the ensuing general election, and he shall use for each measure the ballot title designated in the manner herein provided * * * ."

The following portion of said section is highly significant:

"It shall be the duty of the county clerk to print said ballot titles and numbers upon the official ballot in the order presented to them by the said city or town officer and the relative position required by law." L. 1919, ch. 283, § 32, p. 491.

Considering these two sections of the statute, we think it is plain that the certification of the measures must be made within the time provided in § 36-1401, Oregon Code 1930.

In *Henderson v. City of Salem,* 137 Or. 545 (1 P. (2d) 128, 4 P. (2d) 321), the question presented was whether a city could submit initiative measures at a primary election without calling a special election for the same date and time as the primary.

The adoption of Art. 2, § 14a, of the Oregon Constitution, requires cities and towns to hold their regular elections at the same time that general biennial elections for state and county offices are held and that the election precincts and offices must be the same. The general law enacted by the legislature of 1919, above cited, shows an intention on the part of the people and their legislative representatives to consolidate and simplify and make uniform, so far as possible, the laws relating to elections.

It follows that the judgment of the lower court is reversed and the writ is dismissed.