Argued October 25; affirmed October 26, 1932

## STATE EX REL. HICKS *v.* BOYER, COUNTY CLERK

### (15 P. (2d) 375)

See 18 R. C. L. 117 (6 Perm. Supp., 4416).

*Walter E. Keyes,* of Salem (Keyes & Page, of Salem, on the brief), for appellant.

*William H. Trindle,* acting as special district attorney, of Salem, for respondent.

RAND, J. This is a mandamus proceeding to compel the defendant, the county clerk of Marion county, pursuant to initiative petition, to place upon the state and county ballot at the next general election to be

held on November 8, 1932, a measure designed to repeal section 90 of the charter of the city of Salem. This case and that of *State ex rel. August Huckestein v. Poulsen,* ante p. 623 (15 P. (2d) 372) which was decided by this court on October 24, 1932, are companion cases and are both controlled by the same statute or ordinance of the city, as the case may be. The facts in both cases are identical except, of course, the parties are different. In the former case the city recorder of the city of Salem was made defendant, while in this the county clerk of Marion county is named as defendant. The ultimate relief sought in both cases, however, is the same. In the first case the specific relief sought was to compel the city recorder to print a special ballot containing said measure to be used in the general election, while in the instant case the relator seeks to compel the county clerk to print the measure on the general election ballot.

The first case was heard here last Friday, October 21, 1932, and decided on the Monday following, while the papers in this case were filed just before the matter was argued this morning. The reason for not filing the two at the same time was, of course, that if the relief sought was proper in one case it could not be in that of the other. To present matters of this kind at the very last moment and to expect an immediate decision is not an orderly way for the hearing of cases and would not have been indulged by the court in either of said cases but for the great public interest involved and the statement of counsel that, unless the matters could be heard and decided immediately, it would then be too late.

The facts of this case are well stated in the opinion in the former decision and this relieves us of any extended statement of them.

It appears, from the records and files in these proceedings, that heretofore, at an election duly had, the city of Salem was granted the authority to issue and sell its bonds for $2,500,000 for the purpose of installing in the city of Salem a municipally owned water system. The bonds, however, have not been issued and nothing has been done in the execution of the power thus conferred. This initiative measure is one seeking to repeal such former action by having the same resubmitted to the legal voters of the city.

The initiative measure in question has the requisite number of authorized signers and was filed with the city recorder on October 5, 1932. These names were immediately checked over by the city recorder and found to be correct. He then delivered it to the city attorney for the furnishing of a ballot title therefor. The ballot title was furnished and the measure was then returned to the city recorder, who, on October 8th, certified to the ballot title and tendered it for filing to the defendant herein, the county clerk, but this defendant refused to file the ballot title or to print it upon the official ballot for the reason that it had not been certified to him within the time provided by statute.

■ The provisions of the statute governing the action of the county clerk in respect to measures of this character are contained in sections 36-1401 and 36-2007, Oregon Code 1930. The first section provides:

"Not more than forty (40) days and not less than thirty-five (35) days before the day fixed by law for the election, the county clerk of each county shall arrange in the manner provided by this act for the arrangement of the names and other information upon the ballot, or ballots, all the names and other information concerning all the candidates contained in the certificates of nomination which have been filed with

him and accepted by the nominees, and which have been certified to him by the secretary of state, or city or town officer, in accordance with the provisions of law, and he shall forthwith certify the same under the seal of the county court and file the same in his office, and make and post a duplicate thereof in a conspicuous place in his office and keep the same posted until after the election has taken place; and he shall forthwith proceed and cause to be printed, according to law, the colored or sample ballots and the white ballots required by this act.''

The last section above referred to, in part, provides:

''*  *  * The appropriate officer of each incorporated city or town of the state having more than two thousand inhabitants at the last preceding United States census, at the time he furnishes to the county clerk of the county in which such incorporated city or town is situated certified copies of names of the candidates for city and town offices, shall furnish to said county clerk his certified copy of the ballot titles and numbers of the several measures to be voted upon at the ensuing general election, and he shall use for each measure the ballot title designated in the manner herein provided.  *  *  * It shall be the duty of the county clerk to print said ballot titles and numbers upon the official ballot in the order presented to them by the said city or town officer and the relative position required by law.''

It is clear from the reading of these two sections of the statute that the provisions contained in the latter section are controlled by the direction contained in the first section which provides that ''not more than forty days and not less than thirty-five days before the day fixed by law for the election, the county clerk of each county shall arrange, etc.'', and, under these provisions, that the county clerk was not authorized to

disregard the statutory direction as to the limitation of time when the measure to go on the ballot must be filed before him.

■ The relator, however, contends that these provisions are directory and not mandatory and, therefore, the time limit may be disregarded by the county clerk up to the very moment when it becomes his duty to print the ballots, and that if filed before that time it is a sufficient filing to satisfy the requirements of the statute. The relator also contends that in respect to this matter, under the initiative powers of the city conferred by Article IV, section 1a, and Article II, section 14a, of the state constitution, the charter or ordinance of the city could provide thirty days or any less time for the filing with the city recorder of any initiative measure, and that if filed in accordance with the direction of the ordinance or charter it would be sufficient to entitle the city to have the measure voted upon.

The first contention, we think, is wholly without merit for if it would be conceded, although we do not so decide, that the provisions of the sections of the statute just referred to are directory and not mandatory, nevertheless it is the duty of the county clerk to be governed by them and, therefore, they are controlling upon him. The distinction between a directory and a mandatory statute ordinarily is this: if the statute is directory only, it is intended to be obeyed and should be obeyed, but if not obeyed it does not necessarily render the action taken in disobedience of the statute void, while, if it is mandatory, it must be followed or proceedings taken in violation of it are void. Hence, it was the duty of the county clerk, regardless of the nature and character of the statute, to obey the statute and he had no authority to do other-

wise. This, we think, is decisive of this case and must result in a disallowance of the writ, but, because of the importance of the question and of the public interest to which we have referred, we will consider relator's other contentions, first, however, calling attention to the fact that there are many provisions of the statute which could not be complied with if the county clerk should disobey the requirements of the statute in its limitation upon the time within which an initiative measure of a city or town must be filed. One of such provisions is that relating to absent voters—section 36-2201 to section 36-2215, Oregon Code 1930. Under those provisions any qualified elector who expects to be absent on the day of election from the county, city or town in which his voting precinct is situate, may make application to the county, city or town clerk or auditor, as the case may be, of his county, city or town, either in person or by mail, for the official ballot or ballots to be voted at such election, and, upon his application, such ballot shall be sent by the county clerk to said absent voter by mail or be delivered to said voter upon application made personally at the office of such clerk. This provision of the statute could not be complied with if, as in the instant case, the county clerk should be required to not print the ballots until after an initiative measure had been filed, as in the instant case, only thirty-one days before the election is to be held.

■ Reverting now to the contention of the relator that since the constitution authorizes cities and towns to "provide for the manner of exercising the initiative and referendum powers as to their municipal legislation," and the city having provided by section 7 of Ordinance No. 1464 that petitions for proposed ordinances or charter amendments by the initiative may be

filed with the recorder of the city of Salem "not later than thirty days before the next regular city election at which such proposed ordinance or amendment is to be submitted or referred," and, this requirement having been complied with by the filing with the city recorder of this proposed measure thirty-six days, and the tendering for filing with the county clerk thirty-one days before the date of the election, the city is entitled by virtue of its own ordinance to have this measure printed upon the ballot without regard to the provisions of the statute governing the manner of holding state elections above referred to. Under the constitution and laws of this state, the city of Salem is authorized to provide its own exclusive manner for submitting this measure to the vote of the people or to invoke the aid of the general statutes governing the manner of holding state and county elections. It may, therefore, submit a measure of this character at a special election called by the city, or at an election held pursuant to the general law. It saw fit in the instant case to invoke the aid of a general statute and, having done so, it must substantially comply with all the requirements imposed by that statute. In other words, by its own action, the city has submitted itself to the requirements provided by the statute for the holding of a general election without having complied with those requirements. Under such circumstances, the city must comply with the requirements of the statute and compliance with its own ordinance is not sufficient for otherwise the initiative powers of the city would operate to repeal a general statute applicable to all the people of the state alike.

For these reasons, the writ is denied and the judgment of the lower court is affirmed.